44355, 44356. D. H. OVERMYER COMPANY, INC. v. NELSON-BRANTLEY GLASS COMPANY, INC. et al.; and vice versa.

Argued March 3, 1969—Decided April 25, 1969.

Smith, Cohen, Ringel, Kohler, Martin & Lowe, H. A. Stephens, Jr., for appellant.

Spearman & Bynum, Wm. Lewis Spearman, for appellees.

QUILLIAN, Judge. ■ The evidence disclosed that: the plaintiff engaged the defendant carrier to transport the glass; the defendant shipper was employed to load and pack the glass into the defendant carrier's truck; there was testimony that the glass was improperly packed in the truck causing it to break. One of the defendant carrier's employees, Mr. Reese, testified that he checked the truck after it was loaded and stated, "I always look and check is the load going to shift or is it loaded right, in other words"; as far as he could determine it was loaded properly. Another of the carrier's employees, Mr. Davis, testified that he looked in the truck and knew how it was packed and from his inspection it appeared to him that it would ride all right. Mr. Striplin, a witness for the plaintiff, testified that he inspected the truck when it arrived; in answer to whether in his opinion the truck was loaded properly he replied "that's very poor ingenuity on somebody's part to put that bracing against glass, I think it's ridiculous."

There were exhibits introduced which showed that the cases of glass had been braced with an "A" frame positioned directly into the cases of glass.

The bill of lading directed that "Shipper load and consignee unload." Plaintiff's counsel contends under the terms of the bill of lading the carrier is relieved from liability because of the provisions of Code Ann. § 109A-7—301 (4) which states: "The issuer may by inserting in the bill the words 'shipper's weight, load and count' or other words of like purport indicate that the goods were loaded by the shipper; and if such statement be true the issuer shall not be liable for damages caused by the improper loading. But their omission does not imply liability for such damages." Ga. L. 1962, pp. 156, 339.

The actual effect of the "shipper's weight, load and count"

bill of lading is in a state of confusion. There is an extensive discussion of the conflict which exists in both the state and federal courts contained in the opinion of Hershel Radio Co. v. Pa. R. Co., 344 Mich. 75, 80 (73 NW2d 319), which reads: "However, it is plaintiff's contention that despite its own negligence and the 'shipper's load and count' designation the carrier may be, and in this case is, liable if it knew of or had the means of knowing of the improper loading of the car. . . [T]here is support for the rule as advanced by plaintiffs. See, generally, 13 CJS, Carriers, § 67b; 9 AmJur, Carriers, § 730; [Duncan v. Great Northern R. Co., 17 N. D. 610 (118 NW 826)] 19 LRA (NS) 952; [Illinois Central R. Co. v. Rogers & Thomas, 162 Ky. 535 (172 SW 948)] LRA 1915C, 1220. For those who adhere to this rule it is apparently considered an unwritten exception to the statute regarding 'shipper's load and count' contracts as set forth in 49 USCA § 101, supra. See Perkel v. Pennsylvania R. Co., 148 Misc. 284 (265 NYS 597).

"To the contrary are decisions which hold the carrier not liable where the shipper was at fault in loading, notwithstanding knowledge on the part of the carrier of the shipper's negligence. Robinson v. New York Central R. Co., 245 App. Div. 378 (282 NYS 877), affirmed without opinion, 270 N. Y. 659 (1 NE2d 985); Ross v. Troy & Boston R. Co., 49 Vt. 364 (24 AR 144); St. Louis-San Francisco R. Co. v. Glow Electric Co., 35 Ohio App. 291 (172 NE 425). . .

"The Federal courts are in seeming disagreement as to what is the correct and proper rule. Compare South Carolina Asparagus Growers' Assn. v. Southern R. Co., CCA 1931, 46 F2d 452, 454, 455, with Modern Tool Corp. v. Pennsylvania R. Co. (D NJ 1951), 100 FSupp 595, 597, 598. Cf. Standard Hotel Supply Co., Inc. v. Pennsylvania R. Co. (SD NY 1945) 65 FSupp 439, 442; Blytheville Cotton Oil Co. v. Kurn (CCA 1941), 155 F2d 467, 470. In short, some say the railroad is liable if it knew or could have found out, some say it is not liable even if it knew, and some say it is not liable unless it actually knew, whether discoverable or not, about the shipper's fault in loading. There has been expressed no readily discernible 'majority' or 'better' rule and to say that there has is to ignore some cases and emphasize others, all equally pertinent."

We feel the sounder view is to give effect to the plain unambiguous language of the statute. *Anderson v. Cooper,* 214 Ga. 164 (104 SE2d 90). That is, where the evidence establishes that the damage was the direct result of improper loading the "shipper's weight, load and count" bill of lading shall operate as a complete defense for the carrier as to such damage.

There being evidence that the improper packing was the cause of the damage and none which would have authorized a finding that the glass breakage was the result of the carrier's negligent transportation thereof, the trial judge's direction of the verdict was not error.

■ *Code* § 20-1404 provides: "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." As pointed out in *Employers Liability &c. Corp. v. Sheftall,* 97 Ga. App. 398 (5) (103 SE2d 143) and in *Adams v. Cowart,* 224 Ga. 210, 214 (160 SE2d 805), it is only necessary to show that any one of these three conditions existed in order to recover attorneys' fees. The plaintiff contends that the defendant shipper was stubbornly litigious and subjected the plaintiff to the trouble and expense of retaining an attorney to recover the loss caused by the defendant's negligence.

This contention was without merit. The mere refusal to pay a disputed claim is not the equivalent of stubborn litigiousness. *Murphy v. Morse,* 96 Ga. App 513, 516 (100 SE2d 623).

In *Pferdmenges, Preyer & Co. v. Butler, Stevens & Co.,* 117 Ga. 400 (43 SE 695), where attorneys' fees were claimed upon the ground that the defendant had caused the plaintiff unnecessary trouble and expense the court held: "The only unnecessary trouble and expense shown by the evidence was the fact that defendants had refused to pay without suit. If this would be sufficient to authorize a finding for attorneys' fees, we see no reason why the plaintiffs in every case should not recover attorneys' fees. The Code has never been so construed. Where there is no bad faith, there must be something more than being put to the expense of a suit, to authorize a plaintiff to claim attorneys' fees as part of his damages."

Here from the proof submitted and the doubtful status of the law, as evidenced by our discussion in Division 1 of this opinion, there was a disputed claim which the defendant was entitled to litigate. The trial judge did not err in directing a verdict in the defendant's favor as to this issue.

*Judgments affirmed. Felton, C. J., and Pannell, J., concur.*