SAM FINLEY, INC., Plaintiff,

v.

PILCHER, LIVINGSTON & WALLACE, INC. and Fidelity and Deposit Company of Maryland, Defendants.

No. 1461.

United States District Court, S. D. Georgia, Augusta Division.

July 10, 1970.

Richard B. Russell, IV, Paul Webb, Jr., Bertram S. Boley, Atlanta, Ga., for plaintiff.

Edward E. Dorsey, James H. Keaten, Atlanta, Ga., for Fidelity and Deposit Co. of Maryland.

## ORDER

LAWRENCE, Chief Judge.

Under the terms of the Miller Act no suit "shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied." 40 U.S.C. § 270b. The complaint in this case alleges that all labor and materials were furnished by Sam Finley, Inc. prior to April 1, 1968. The suit was filed on May 28, 1969—some two months too late. Fidelity and Deposit Company of Maryland which is surety on the bond of the general contractor has moved to dismiss the action on that ground.

In the original complaint Sam Finley, Inc. made no effort to plead avoidance of the bar of the one year period in which to bring suit. At the time of the oral argument two affidavits were filed by plaintiff in support of its contention that Fidelity is estopped to rely on the statute of limitations.[1] One of the affidavits was given by the general counsel for Sam Finley, Inc. and the other by an officer in charge of its collections. Apparently the claim against the surety and general contractor was referred to counsel on or about March 22, 1969. Negotiations for settlement had been going on for nine months. They had been conducted between the Treasurer of the Company and an officer of Fidelity. On March 26, 1969, plaintiff's general counsel entered a hospital and did not return to his office until April 7th. Shortly thereafter he called a lawyer who handles some of the litigation for plaintiff and requested that he hold up filing of a suit in view of the possibility of settlement.[2] The general counsel then continued to attempt to negotiate a settlement with Fidelity. He believed that its representative was acting in good faith with every intention of settling the matter. Apparently no one gave thought to the litigatory deadline. When the differences were found to be irreconcilable the present suit was brought.

Fidelity relies strongly on Humble Oil & Refining Company v. Fidelity and Casualty Company of New York, *supra*. In that case the Fourth Circuit Court of Appeals found a sufficient basis in the evidence for application of the rule of equitable estoppel. It held that fraud was not a necessary element and that if one party is misled to his prejudice by statements or comments of the other, the doctrine may be applied. While the Court found no deception it ruled that the surety had represented that it would pay the bills of the principal; that plaintiff consequently withheld filing an action and that this was sufficient to estop the general contractor from pleading the Miller Act limitation.

We do not have such a case here, at least in its present posture. The two affidavits, in my opinion, fall short of showing fraud, deception or bad faith by the surety. The fact that negotiations were in progress is without more, an insufficient basis for waiver or estoppel. Continental Ins. Co. of City of New York v. Fire Ass'n. of Philadelphia, 6 Cir., 152 F.2d 239. The Fifth Circuit decision in General Insurance Company of America v. Audley Moore & Son, 5 Cir., 406 F.2d 442 seems in point. There the plaintiff claimed an estoppel on the part of surety because of a letter received by the subcontractor four days before the statute ran. The communication acknowledged receipt of notice of the claim. Assurance was given plaintiff that the matter would be investigated. "As soon as we have heard from them we will contact you further." The Court of Appeals held that as a matter of law the latter was insufficient to create estoppel since it contained no

---

1. See Humble Oil & Refining Company v. Fidelity and Casualty Company of New York, 4 Cir., 402 F.2d 893; E. E. Black Limited v. Price-McNemar Construction Company, 9 Cir., 320 F.2d 663; Peters v. St. Paul Fire and Marine Insurance Company, D.C., 213 F.Supp. 441; Delson v. Minogue, D.C., 190 F.Supp. 935.

2. The affidavits are silent as to the time and circumstances of the referral of the matter to this attorney.

representations, promises or deception which caused the subcontractor to act to its detriment.[3]

■ Subsequent to the oral argument in this case plaintiff filed an amendment to its complaint in which the theory of equitable estoppel has been set up. The amendment alleges that there were numerous and extensive negotiations with the surety, conducted in good faith by the plaintiff, and that the latter was induced to carry on same both before and after the statute had run. It is averred that "Because of representations of the defendant Fidelity the plaintiff was induced to refrain from filing suit." The amendment states that plaintiff relied on such representations and was "led to believe that said matter would be settled and would not have otherwise refrained from bringing suit at an earlier date."

As so amended the complaint is good as against the motion to dismiss. However, if the affidavits previously filed by plaintiff are considered, it is possible that the motion to dismiss must be converted into one for summary judgment. I have already stated my view that the affidavits, as presented, are insufficient to support the equitable estoppel contention. Plaintiff's brief says that the affidavits set forth the same facts which are alleged in "generalities" in the proposed amendment. As I read the brief, it indicates that the "inducement" made to plaintiff to withhold suit consisted merely of the fact that there were negotiations.

■ Be that as it may, I think the most expedient course at this point is to disregard the affidavits and to consider defendant's motion to dismiss solely in the light of the complaint as amended. Fidelity has moved to strike and quash the two affidavits on the ground that they are "outside the pleadings" and should not be considered in passing upon defendant's motion to dismiss. I sustain that motion. The motion to dismiss is overruled. This will be without prejudice to the Rule 56 rights of the parties. The Court will add, however, that it is presently disposed to think that the most expeditious course is to proceed to trial and deal with the issue of equitable estoppel at that time.

■ Fidelity has moved to strike the prayers in the complaint as to attorneys' fees and for a "penalty" based on "stubborn litigiousness." State law governs recovery of such damages in Miller Act cases. United States Fidelity and Guaranty Company v. Hendry Corporation, 5 Cir., 391 F.2d 13. Under Georgia law there may be recovery of attorneys' fees and expenses of litigation where a defendant has acted in bad faith or has been stubbornly litigious or has caused plaintiff unnecessary expense. Code § 20–1404. There is no provision for any "penalty." It would appear here that the only stubborn litigiousness is the refusal to pay a disputed claim and this is insufficient. Murphy v. Morse, 96 Ga.App. 513, 516, 100 S.E.2d 623; D. H. Overmyer Company, Inc. v. Nelson-Brantley Glass Company, Inc., 119 Ga. App. 599, 602, 168 S.E.2d 176. There are only conclusory allegations as to the alleged stubborn litigiousness. The defendant's motions to strike the prayers for recovery of a "penalty" and attorneys' fees are granted.

---

3. This decision indicates that the Court did not follow the line of cases to the effect that the filing of suit within a year is a condition precedent to the exercise of rights under the Miller Act. See: Adams v. Albany, D.C., 80 F.Supp. 876; United States ex rel. Dover Elevator Company v. General Insurance Company of America, 6 Cir., 339 F.2d 194; United States ex rel. Statham Instruments, Inc. v. Western Casualty & Surety Company, 6 Cir., 359 F.2d 521.