### 26743. FAUCETTE v. FAUCETTE.

NICHOLS, Justice. Mrs. Carolyn L. Faucette filed an application for contempt against her former husband for failure to pay alimony. He then filed an application seeking to have her held in contempt of court for failure to permit him to exercise visitation rights with their children as authorized by the divorce decree. He also sought in a separate pleading a reduction in the alimony and child support payments required by the final divorce decree. It was stipulated that all issues should be heard together and upon such hearing the trial court found both parties in contempt of court and provided the method whereby they could purge themselves. The trial court also reduced the amount the defendant former husband was to pay to the plaintiff as alimony but not the amount of child support. The plaintiff appealed. *Held:*

1. The evidence adduced upon the trial included voluminous documentary evidence including tax returns and canceled checks. As to such evidence introduced by the defendant former husband it was stipulated that counsel for the husband would retain these exhibits subject to call at any time by opposing counsel. The transcript of evidence was timely filed but did not include the exhibits which were examined and considered by the trial court in rendering its judgment. Thus, the transcript is incomplete and without such documentary evidence it is impossible to determine if the judgment as to the amount of alimony the defendant was found to be in arrears is correct or not. Compare *Delta Corp. of America v. Aiken,* 224 Ga. 241 (161 SE2d 293), and citations. But as to credit

for certain payments previously made, see *Faucette v. Faucette,* 226 Ga. 127 (172 SE2d 665), a previous appeal dealing with the same divorce decree.

2. While the Act of 1947 (Ga. L. 1947, p. 292; *Code Ann.* § 30-219) provides for the payment of attorney's fees in actions to enforce the payment of alimony by attachment for contempt, yet where the evidence before this court is incomplete as in the present case and the judgment directs the payment of a stated sum to the former wife and her attorney, it cannot be held as a matter of law that the trial court failed to award attorney's fees as provided in such Act.

3. The trial court made a finding of fact as to the issues involved. Thus, assuming, but not deciding, that *Code Ann.* § 81A-152 (a) requires such a finding in a proceeding to enforce the payment of alimony by attachment for contempt, if a more explicit finding of fact was desired it should have been requested as authorized by *Code Ann.* § 81A-152 (b).

4. For the reasons set forth in the first headnote it cannot be held as a matter of law that the trial court erred in reducing the amount of monthly alimony payable to the former wife.

*Judgment affirmed. All the Justices concur.*
ARGUED SEPTEMBER 15, 1971—DECIDED OCTOBER 12, 1971.

*H. B. Edwards, Jr., H. B. Edwards, III,* for appellant.
*Frank L. Forrester, Whitehurst & Cohen, A. J. Whitehurst,* for appellee.

