49799, 49800. DOYAL DEVELOPMENT COMPANY, INC. v. BLAIR; and vice versa.

WEBB, Judge.

1. "The appellants contend that the trial court erred in entering judgment against them without first finding the facts specially and in failing to state separately its conclusions of law as required by Code Ann. § 81A-152(a) . . . In 5A Moore's Federal Practice (2d Ed.) 2706, § 52-06[1] it is stated: 'The purpose of findings of fact is threefold: as an aid in the trial judge's process of adjudication; for purposes of res judicata and estoppel by judgment; and as an aid to the appellate court on review.' The findings of the trial court in this case (and in the case sub judice) are sufficient to enable this court to understand clearly the basis of its decision and the conclusion of law reached by it." *General Teamsters Local Union No. 528 v. Allied Foods, Inc.,* 228 Ga. 479, 480 (1) (186 SE2d 527). If defendant wished to insist that the conclusions of law be formally separated from the findings of fact, "it should have been requested as authorized by Code Ann. § 81A-152(b)." *Faucette v. Faucette,* 228 Ga. 201 (3) (184 SE2d 586). Since the detailed findings are quite sufficient for purposes of review, we will not remand solely for the purpose of curing formal defects which would not affect the result reached here. *Collins v. Collins,* 231 Ga. 683 (1) (203 SE2d 524).

2. The evidence amply supports the findings and the

judgment, no error of law appears for any reason assigned, and the judgment will not be disturbed. *Spivey v. Mayson,* 124 Ga. App. 775, 777 (186 SE2d 154); *Pinkerton & Laws Co. v. Atlantis Realty Co.,* 128 Ga. App. 662, 664 (1) (197 SE2d 749); *Searcy v. Godwin,* 129 Ga. App. 827, 829 (2) (201 SE2d 670); *Kingston Development Co. v. Kenerly,* 132 Ga. App. 346, 348 (1) (208 SE2d 118).

3. In the cross appeal, no error appears in the failure of the trial court to award attorney fees and expenses of litigation for the mere refusal of defendant to pay a disputed contractual claim. *Lovell v. Frankum,* 145 Ga. 106, 109 (4) (88 SE 569); *D. H. Overmyer Co. v. Nelson-Brantley Glass Co.,* 119 Ga. App. 599, 602 (2) (168 SE2d 176); *Colbert Co. v. Newsom,* 125 Ga. App. 571, 573 (8) (188 SE2d 266); *Williams v. Bell,* 126 Ga. App. 432, 435 (3) (190 SE2d 818).

*Judgments affirmed. Bell, C. J., Deen, P. J., Quillian, Clark, Stolz and Marshall, JJ., concur. Pannell, P. J., concurs in the judgment. Evans, J., dissents.*

ARGUED OCTOBER 3, 1974 — DECIDED DECEMBER 5, 1974 — REHEARING DENIED DECEMBER 19, 1974 —

*Rolader, Barham, Davis, Graham & McEvoy, D. W. Rolader,* for appellant.

*McHaney & Lynn, Robert L. McHaney, Jr.,* for appellee.

EVANS, Judge, dissenting.

Appellant enumerates error, among other things, on the ground that the trial judge did not "make proper findings of fact specially and to state separately its conclusions of law" as required by Code Ann. § 81A-152 (a).

I find this enumeration to be meritorious. Code Ann. § 81A-152 (a), dealing with judgments rendered by a judge without a jury, requires that ". . . the court shall find the *facts specially,* and *state separately its conclusions of law* thereon." (Emphasis supplied.) This action has been held to be mandatory and not discretionary. *Spivey v. Mayson,* 124 Ga. App. 775, 777 (186 SE2d 154). In *Booker*

*v. J. T. Bickers Realty Co.,* 127 Ga. App. 614, 616 (194 SE2d 490), where there was a failure to find the facts specially and state separately the conclusions of law, this court ordered that the case be remanded with direction that the trial judge vacate the judgment and prepare appropriate findings of fact and conclusions of law, and enter a new judgment thereon.

In the case sub judice, there is no finding of facts specially or otherwise; and there is no conclusion of law stated separately or otherwise. The judgment does recite that:

"The court finds as follows . . ." followed by four pages of evidentiary ·matter. It is not suggested or stated whether this is a *finding of fact or a conclusion of law.* At the end of the four pages it is recited that "it is therefore considered and adjudged that plaintiff be awarded the sum of $16,350 and costs of this action." This is not designated as a finding of fact or conclusion of law.

Under these circumstances, I consider that we are bound by the *Booker* case, supra, and that this case should be remanded to the lower court, with direction that within 30 days the original judgment be vacated, and that special findings of fact and conclusions of law be made, and stated separately, and that judgment be entered thereon.

In support of its contention that no reversal should result in this case because of the trial court's failure to set forth *findings of fact* and *conclusions of law,* two Supreme Court cases are cited, to wit: *Faucette v. Faucette,* 228 Ga. 201 (3) (184 SE2d 586) and *Collins v. Collins,* 231 Ga. 683 (1) (203 SE2d 524). However, the *Faucette* case was a contempt proceeding for failure to pay *alimony* and the *Collins* case was as to *divorce.* The statute specifically exempts divorce cases and alimony cases from its operation as to the requirement of making findings of fact and conclusions of law. See Code Ann. § 81A-152 (a). The present action is one wherein a real estate agent sued for compensation and it is covered by the provisions of the above statute.

Directly in point is the recent case of *Bituminous Cas. Corp. v. J. B. Forrest,* 132 Ga. App. 714, 720 (209 SE2d 6), wherein this court quotes from *Spivey v. Mayson,* supra, and holds: ". . . 'The statute (Ga. L. 1969, p. 645, as

amended, Ga. L. 1970, p. 170 (Code Ann. § 81A-152 (a)) explicitly requires the findings, and 'Where the trial court *fails to make findings,* or to *find on a material issue,* and an appeal is taken, the appellate court will normally vacate the judgment and remand the action for appropriate findings to be made.' 5A Moore, Federal Practice, Par. 2718, 52.06[2] (2d Ed. 1953) (cases cited): *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154)." (First emphasis supplied; second emphasis by the court.) Judge Deen and the writer dissented, but we were out-voted by the other seven judges of this court. Consequently, this court should now follow and be guided by the holding of the majority, not the unsuccessful dissent.

I therefore respectfully dissent from the majority opinion, which affirms the judgment of the lower court.