29717. DOYAL DEVELOPMENT COMPANY, INC. v. BLAIR.

PER CURIAM.

In our opinion findings of fact and conclusions of law required by Code Ann. § 81A-152 (a) are mandatory. Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171. Statements to the contrary appearing in *Faucette v. Faucette,* 228 Ga. 201 (184 SE2d 586) and *Collins v. Collins,* 231 Ga. 683 (1) (203 SE2d 524) are disapproved. The conclusions of law entered nunc pro tunc by the trial court were not considered by the Court of Appeals and are not considered here. See *Jacobs Pharmacy Co. v. Richard & Associates, Inc.,* 229 Ga. 156 (1) (189 SE2d 853); *Warren v. Walton,* 231 Ga. 495, 500 (2) (202 SE2d 405).

*Judgment reversed. All the Justices concur, except Nichols, C. J., and Undercofler, P. J., who dissent.*

ARGUED APRIL 14, 1975 — DECIDED
APRIL 29, 1975.

*Rolander, Barham, Davis, Graham & McEvoy, D. W. Rolander,* for appellant.

*McHaney & Lynn, Robert L. McHaney, Jr.,* for appellee.

GUNTER, Justice, concurring.

The Civil Practice Act was enacted by the General Assembly in 1966 and became effective September 1, 1967. Title 81A, Ga. Code Annotated. The Civil Practice Act "governs the procedure in all courts of record of the State of Georgia in all suits of a civil nature whether cognizable as cases at law or in equity, with the exception stated in section 81A-181. The provisions of this Title shall be construed to secure the just, speedy, and inexpensive determination of every action." Code Ann. § 81A-101.

It is my view that the General Assembly had the power to enact the Civil Practice Act. That power is derived from the provision in the Georgia Constitution which says: "Except as otherwise provided in this Constitution, the jurisdiction, powers, proceedings and practice of all courts or officers invested with judicial powers (except City Courts) of the same grade or class, so far as regulated by law, and the force and effect of the process, judgment and decree, by such courts, severally, shall be uniform. *The uniformity must be established by the General Assembly,* and in the case of City Courts, may be established by the General Assembly." Code Ann. § 2-4401. (Emphasis supplied.)

Code Ann. § 81A-152 (a) provides that in all civil actions tried upon the facts without a jury, with certain exceptions, "the court shall find the facts specially and state separately its conclusions of law thereon and judgment shall be entered pursuant to section 81A-158; and in granting or refusing interlocutory injunction the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action."

It is my view that this is a rule of procedure for certain types of cases in the trial courts, and that the uniformity of such procedure must (or may) be established by the General Assembly. Code Ann. § 2-4401. The Constitution confers this power upon the General Assembly, and the constitutional separation of powers' principle, in my opinion, in no way offends or militates against this delegated power.

I concur in the judgment of the court. I am authorized

to state that Justices Ingram and Hall also concur.

UNDERCOFLER, Presiding Justice, dissenting.

The majority construction that Code Ann. § 81A-152 (a) is mandatory conflicts with the principle announced in *CTC Finance Corp. v. Holden,* 221 Ga. 809 (147 SE2d 427). That case construed Georgia Laws 1959, p. 353, 354 (Code Ann. § 6-1608) relating to the first grant of a new trial and which provided: ". . . that the trial judge *shall* state in all cases the ground or grounds upon which said new trial is granted. . ." (Emphasis supplied.) In holding that this provision is directory and not mandatory this court said: "The Constitution, Art. VI, Sec. IV, Par. VI (Constitution of 1945; Code Ann. § 2-3906) confers unqualified power upon superior and city courts, not the legislature, to grant new trials. Art. I, Sec. I, Par. XXIII, of the Constitution (Constitution of 1945; Code Ann. § 2-123) requires that 'legislative, judicial and executive powers shall forever remain separate and distinct, and no person discharging the duties of one, shall, at the same time, exercise the functions of either of the others, except as herein provided.' These constitutional clauses constitute insuperable barriers to any legislative control or interference with the courts in the exercise of their powers to grant new trials. If the legislature can qualify and restrict the power of the courts as it appears to have undertaken by Ga. L. 1959, p. 353, it could add additional qualifications and restrictions to the point of nullifying the unrestricted constitutional power of the courts which the Constitution limits only to the point that the grant of a new trial be 'on legal grounds.' While the trial court did not rule upon the constitutionality of Ga. L. 1959, p. 353, and hence we are unable to do so here, yet a decision here requires a construction of that Act, and in making that construction the rule we must follow is that if it is susceptible of two meanings, one of which would render it unconstitutional and the other would render it constitutional, we must give it the latter construction. [Cits.]

"Since, as pointed out above, if the Act be construed to be mandatory it would be legislative exercise of a purely judicial function and hence unconstitutional, but if

it is construed to be merely directory and not mandatory, it would be constitutional, we apply the rule as stated in the foregoing decisions and construe the Act not to be mandatory but merely advisory. With this construction placed upon the Act, the judges may comply with it if they wish, but a failure to do so is not error and constitutes no grounds for reversing the judgment granting a new trial." *CTC Finance Corp. v. Holden,* 221 Ga. 809, 810, supra.

Code Ann. § 81A-152 (a) was intended to improve the decision-making process and make the judgment more definitive. It was not intended as a prerequisite to the entry of a valid judgment. A judgment that is right should not be disturbed though the reason assigned therefor is erroneous. By the same token a judgment that is right should not be disturbed because no reason therefor is given.

The CPA was designed to promote the disposition of litigation on its merits as rapidly as possible. The interpretation of this one section by the majority of the court has an opposite effect. Under it the judgment is vacated, the case is returned to the trial court for entry of findings, for entry of a new judgment which presumably will be the same as the original judgment, and for the filing of another appeal.

I am authorized to state that Chief Justice Nichols joins me in this dissent.