49799. DOYAL DEVELOPMENT COMPANY, INC. v. BLAIR.

PER CURIAM.

The decision of this court in *Doyal Development Co. v. Blair,* 133 Ga. App. 613 (211 SE2d 642) having been reversed by the Supreme Court (234 Ga. 261 (215 SE2d 471)), the judgment therein is vacated and the case is remanded to the trial court with direction that his previous judgment be vacated and that he enter a new judgment setting forth separately his findings of fact and conclusions of law.

*Appeal remanded with direction. Bell, C. J., Pannell, P. J., Deen, P. J., Quillian, Clark, Stolz and Marshall, JJ., concur. Evans and Webb, JJ., concur specially.*

ARGUED OCTOBER 3, 1974 — DECIDED JULY 3, 1975.

*D. W. Rolader,* for appellant.

*Robert L. McHaney, Jr.,* for appellee.

EVANS, Judge, concurring specially.

Occasionally the Supreme Court renders an outstanding decision that deserves paeans of praise and accolades garnished with plaudits!

Such is this one, which reverses the Court of Appeals, which had voted against my position 8 to 1.

My arguments to my learned colleagues fell on deaf ears. My distinguished and able associates, while sometimes right, in this case acted more like Gray's heroes whom he sought to excuse with: "But Knowledge to their eyes her ample page, . . . did ne'er unroll." I tried the soft approach of argument to no avail; The Supreme Court uses the mailed fist approach of *mandate!*

And so ends another case and as our Oriental friends so often say: "Ah, so."!

WEBB, Judge, concurring specially.

The Supreme Court in reversing the judgment of this court in *Doyal Development Co. v. Blair,* 133 Ga. App. 613 (211 SE2d 642) holds that "findings of fact and conclusions of law required by Code Ann. § 81A-152 (a) are mandatory." The writer of the opinion on the decision so reversed approached the case with an attitude perhaps more practical than technical, or more realistic than judicial, i.e., the detailed findings of fact by the trial court and his conclusions of law, though not formally separated, were quite sufficient for purposes of review, and no useful purpose would be served by remanding the case to cure formal defects which would not likely affect the result. Be that as it may, however, our Supreme Court has spoken differently, and to paraphrase B. Alderson in Mearing v. Hellings, 14 M & W 711, 712 (153 Eng. Rep. 661, 662), "I accede to the authority of the Supreme Court, though I think its decision questionable. It does not convince me; it overcomes me."