## 51644. CROOK v. GEORGIA DEPARTMENT OF HUMAN RESOURCES et al.

WEBB, Judge.

This is an appeal from an order of the juvenile court terminating appellant father's parental rights pursuant to a petition alleging that the child was deprived.[1] Complaint is made that the court failed to make the explicit statutory findings that the child is deprived, that the causes are likely to continue, and that by reason thereof the child is suffering harm. *Held:*

Juvenile Court Code § 24A-3201 (a) provides that "The court by order may terminate the parental rights of a parent with respect to his child if: . . . (2) the child is a deprived child and the court *finds* that the conditions and causes of the deprivation are likely to continue or will not be remedied and that by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm . . ." (Emphasis supplied.) Section 24A-2201 (c) provides that "If the court *finds* from clear and convincing evidence that the child (1) is deprived . . . the court shall proceed immediately, or at a postponed hearing, to make a proper disposition of the case." (Emphasis supplied.) Section 24A-2201 (a) provides that "After hearing the evidence on any petition alleging . . . deprivation, the court *shall* make and file its findings as to whether the child is a deprived child . . ." (Emphasis supplied.)

---

[1] The divorced mother's parental rights were also terminated, but she has not prosecuted an appeal.

It is our view that these statutory requirements as to findings are mandatory. In *Doyal Development Co. v. Blair,* 133 Ga. App. 613 (211 SE2d 642), we held that an order containing findings of fact and conclusions of law sufficient for purposes of review need not be remanded for curing the formal defect resulting from failure to state separately the conclusions of law as required by CPA § 52 (a) (Code Ann. § 81A-152 (a)). On certiorari the Supreme Court reversed, holding that the section was mandatory. *Doyal Development Co. v. Blair,* 234 Ga. 261 (215 SE2d 471). While CPA § 52 (a) is, by its terms, applicable only in superior court (or in courts having the same rules of practice and procedure (*Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154)),[2] it is our view that the situations are analogous so that the findings provided for by the Juvenile Court Code are mandatory. Explicit findings are required — implied findings supplied by the appellate court upon review will not suffice. Compare *T. K. v. State of Ga.,* 126 Ga. App. 269 (3) (190 SE2d 588); *A. C. G. v. State of Ga.,* 131 Ga. App. 156 (3) (205 SE2d 435).

While *Doyal* dealt with a disputed contractual claim, the instant order has the drastic effect of severing parental rights. This may be accomplished under an allegation of deprivation only where (1) the child is deprived as defined by Juvenile Court Code § 24A-401 (h),[3] and (2) the conditions and causes of the deprivation are likely to continue or will not be remedied, and (3) by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm. Juvenile Court Code § 24A-3201 (a)(2). Without a finding that the child is deprived, no disposition can be made. No such finding was made here. Moreover, if the Code is not

---

[2]The Civil Practice Act is not applicable in the juvenile courts unless its rules are adopted by the courts as to procedures not specifically provided for in the Juvenile Court Code. *English v. Milby,* 233 Ga. 7 (1) (209 SE2d 603).

[3]For treatment of the term "deprived child" see *Elrod v. Dept. of Family & Children Serv.,* 136 Ga. App. 251 (220 SE2d 726).

construed as requiring an express determination that the statutory standards have been met, the door may well be opened to a due process challenge. It should also be noted that in a determination case the juvenile court judge finds himself in a quagmire of conflicting priorities. See *In re Levi,* 131 Ga. App. 348 (206 SE2d 82). If he is required to make the explicit statutory findings, the tendency to rely upon individualistic and subjective notions of morality or sociological advantage will be lessened.

We hold, therefore, that such findings are mandatory and should have been made in the instant case. The findings which were made are not sufficient since, in order to uphold the disposition, this court would have to supply the missing determinations by implication. In order to promote uniformity, the findings should be made in accordance with CPA § 52 (a) (Code Ann. § 81A-152 (a)). See *Spivey v. Mayson,* 124 Ga. App. 775, supra.

We remand the appeal with direction that the trial court vacate the judgment, cause appropriate findings of fact and conclusions of law to be made, and enter a new judgment thereon, after which the losing party shall be free to enter another appeal. *Reid v. Minter,* 135 Ga. App. 763 (219 SE2d 15).

*Appeal remanded with direction. Deen, P. J., and Quillian, J., concur.*

ARGUED JANUARY 15, 1976 — DECIDED FEBRUARY 13, 1976 — REHEARING DENIED MARCH 2, 1976 —

*Myers & Parks, John R. Parks,* for appellant.
*Divine, Wilkin, Deriso & Raulerson, Walter M. Deriso, Edward C. Hay, Jr.,* for appellees.