## 52850. OSTER v. RICH'S, INC.

SMITH, Judge.

The complaint alleges the defendant, appellant, was indebted to the complainant, appellee, "in the sum of $362.80 . . . upon an open account for goods, wares and merchandise sold and delivered" and that said "account is past due and unpaid and payment thereof has been demanded from the defendant, but defendant has failed and refused to pay the same." These allegations were denied by the answer. Upon a trial before the trial judge

without the intervention of the jury, a judgment containing the following recitations was rendered in favor of the complainant: "This case coming on for trial this date and both parties being represented by counsel, and after consideration of the evidence and argument, the court finds that the facts set out in the plaintiff's complaint are true, and concludes that plaintiff is entitled to a judgment therefor." The defendant, appellant, appealed the judgment to this court enumerating as error the failure of the trial judge to state separately his findings of fact and conclusions of law as required by Code Ann. § 81A-152 and on the sufficiency of the evidence to authorize the findings.

The writer of this opinion feels that in the simple fact situation here, there is sufficient compliance with Code Ann. § 81A-152 so as to prevent a remand upon this enumeration of error by the appellant.

However, this court is bound by the decision of the Supreme Court of this state in *Doyal Development Co. v. Blair,* 234 Ga. 261 (215 SE2d 471); s. c. 133 Ga. App. 613 (211 SE2d 642) and 135 Ga. App. 337 (217 SE2d 501) holding compliance with the above section is mandatory. Therefore, this case is remanded to the trial court with direction that its previous judgment be vacated and enter a new judgment setting forth separately findings of fact and conclusions of law, after which the losing party shall be free to enter another appeal if he should wish to do so.

*Judgment reversed with direction. Deen, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 4, 1976 — DECIDED NOVEMBER 9, 1976.

*Ringel, Gray & Hinson, Harry S. Kuniansky,* for appellant.

*Marion Cornett, Jr.,* for appellee.