Banke, Judge.
The mother of the appellant minor filed an ungovernable petition in the Juvenile Court of DeKalb County. Shortly thereafter, the appellant filed a petition alleging deprivation. A joint hearing was held on both petitions, and both petitions were denied. The appellant appeals the court’s denial of his deprivation petition.
In ruling on deprivation petitions, findings of fact should be made in accordance with CPA § 52 (a), Code Ann. § 81A-152 (a) (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171). Code Ann. § 24A-2201 (a) (Ga. L. 1971, pp. 709, 732); Crook v. Dept. of Human Resources, 137 Ga. App. 817 (224 SE2d 806) (1976); see Coleman v. Coleman, 238 Ga. 183 (232 SE2d 57) (1977). The trial judge failed to make such findings of fact and conclusions of law. We do not consider either the judge’s statements at the end of the hearing or his one sentence order to constitute sufficient findings of fact. See Oster v. Rich’s, Inc., 140 Ga. App. 373 (231 SE2d 140) (1976). Accordingly, the appeal is remanded to the trial court with direction that it vacate the judgment, prepare, or cause to be prepared, appropriate findings of fact and conclusions of law and enter a new judgment after which the losing party shall be free to enter another appeal if he should desire. Spivey v. Mayson, 124 Ga. App. 775 (186 SE2d 154) (1971).

Appeal remanded with direction.

Quillian, P. J., and 
*82
Shulman, J., concur.

Argued March 8, 1977
Decided April 21, 1977.
Turem & Kirschner, Andrew R. Kirschner, Alan R. Turem, for appellant.
Louise M. Mackay, for appellee.