### 65729. CALDWELL v. BROOME et al.

QUILLIAN, Presiding Judge.

This is an appeal from an order of the juvenile court terminating appellant Charles Caldwell's parental rights in his three children, and granting permanent custody and control of the children to the appellees — the maternal aunt of the children and her husband. The mother of the children is deceased. The father has been in prison for the last four years. The Broomes have had custody of the children

during that period. They have now petitioned the court for permanent custody and termination of the father's parental rights. The trial court found that the father had been confined for more than four years and most likely would be released in October 1984 — even though he is serving a sentence of 19 years for car theft, forgery, and escape. The court also found that Caldwell had failed to support the children for more than four years without justification and that the father has neglected and deprived said children and such deprivation is likely to continue. The court terminated the parental rights of the father and awarded permanent custody of the children to the Broomes. The father brings this appeal. *Held:*

A juvenile court is authorized to terminate parental rights of a parent with respect to his children if "the child is a deprived child and the court finds that the conditions and causes of the deprivation are likely to continue or will not be remedied *and* that *by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm . . .*" (Emphasis supplied.) Code Ann. § 24A-3201 (a) (2) (Ga. L. 1971, pp. 709, 747, as amended through 1977, pp. 181, 182); OCGA § 15-11-51 (a) (2). The trial court did not state a finding or conclusion as to whether or not — because of the deprivation "the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm . . ." Code Ann. § 24A-3201 (a) (2). The statutory requirements as to these findings are mandatory. *Crook v. DHR,* 137 Ga. App. 817, 818 (224 SE2d 806). "Explicit conclusions of law conforming to the statute are required in these termination of parental rights cases." *Williams v. DHR,* 148 Ga. App. 219 (251 SE2d 134). An appellate court cannot supply by implication an essential element of deprivation. Id. Therefore, the appeal is remanded with direction that the trial court vacate the judgment, make appropriate findings of fact, conclusions of law, and then enter a new judgment from which the losing party may enter an appeal — if desired.

*Appeal remanded with direction. Sognier and Pope, JJ., concur.*

DECIDED APRIL 7, 1983.

*Jon B. Wood,* for appellant.
*Patrick R. Clements,* for appellees.