## 70798. HARPER v. EVANS et al.
### (339 SE2d 265)

POPE, Judge.

Appellant brings this direct appeal from the dismissal of his complaint seeking damages in the amount of $101 against appellees. We have held that OCGA § 5-6-35 (a) (6) "requires that an application for discretionary review be filed when the amount placed in controversy by the claimant [here, appellant] is $2,500 or less." *Brown v. Assoc. Fin. Svcs. Corp.*, 175 Ga. App. 553 (333 SE2d 888) (1985). Because appellant has failed to apply to this court for discretionary review pursuant to OCGA § 5-6-35 (a) (6), this appeal must be dismissed.

*Appeal dismissed. Deen, P. J., and Beasley, J., concur, and also concur specially.*

DEEN, Presiding Judge, concurring specially.

Appellant ardently argues and articulates that he is a pauper.

While conceding that he does have a job in the prison, he claims that the only payment for his labor is "one bar of soap, one razor, three sheets of paper, three envelopes, and one roll of tissue paper." He further argues that "[w]hen judgment is separated from love, 'The Human Cry for Justice will Appear for sure.'"

"In the ornithology of litigation this case is a tomtit, furnished with a garb of feathers ample enough for a turkey. Measured by the verdict, its tiny body has only the bulk of twenty-five dollars, but it struts with a display of record expanded into eighty-three pages of manuscript. It seems to us that a more contracted plumage might serve for so small a bird, but perhaps we are mistaken. In every forensic season, we have a considerable flock of such cases, to be stripped and dissected for the cabinets of jurisprudence. We endeavor to pick our overfledged poultry with judicial assiduity and patience." *Lukens v. Ford*, 87 Ga. 541, 542 (13 SE 949) (1891). The cited case involves only $25, while the instant case involves $101. The former case resulted in a jury trial, verdict and judgment, while the latter has been dismissed based on sovereign immunity, non-imputable negligence, and venue issues.

Since no monetary judgment was rendered in the instant case, it is my view that this case should be a direct appeal. *Brown v. Assoc. Fin. Svcs. Corp.*, 175 Ga. App. 553 (333 SE2d 888) (1985) "does not convince me" but overwhelms and "overcomes me" and my position. *Doyal Dev. Co. v. Blair*, 135 Ga. App. 337, 338 (217 SE2d 501) (1975). We are bound thereby and have no alternative but to dismiss this appeal.

I am authorized to state that Judge Beasley joins in this special concurrence.

DECIDED OCTOBER 4, 1985.

Earnest Harper, *pro se.*
*Dupont K. Cheney, District Attorney*, for appellees.