UNITED STATES of America f/u/b of Dillon Construction Inc., a corporation, Plaintiff-Appellee,

v.

CONTINENTAL INSURANCE COMPANY, a corporation, Defendant-Appellant.

No. 85–5023
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Nov. 18, 1985.

■■■■■■

---

Marc Cooper, Miami, Fla., for defendant-appellant.

Byron G. Petersen, Marcos Daniel Jimenez D'Clouet, Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

GODBOLD, Chief Judge:

Plaintiff Dillon Construction Inc. sued defendant Continental under the Miller Act, 40 U.S.C. § 270a et seq., seeking payment for work it had done on a U.S. Army ammunition storage area in the Canal Zone. The district court entered judgment in favor of Dillon. We reverse.

## I. Background

Craddock Construction International contracted with the U.S. Army to do construction at the area in question. Craddock, as required by the Miller Act, obtained a surety bond from defendant. Craddock subcontracted part of the job to Dillon. Dillon completed its work on the contract some time after December 15, 1980. Craddock failed to pay Dillon the amount owed under the contract, and Dillon requested payment from Continental. After Continental refused this request, Dillon filed suit in federal district court on December 14, 1981.

In the pretrial conference Continental stated that it would assert only two defenses at trial: that Dillon breached the subcontract by failing to perform the work with due diligence and that Continental was entitled to a set off against Dillon. At trial Dillon presented its president as its sole witness to address these issues. On cross-examination of this witness, defendant's attorneys, for the first time, argued that the Miller Act's one-year statute of limitations barred this suit. The trial judge found that this suit was not barred and awarded judgment to Dillon.

## II. The Statute of Limitations

The Miller Act requires that claims brought under it be made within one year "after the day on which the last of the

labor was performed or material was supplied ..." under the contract. 40 U.S.C. § 270b(b). In determining the last day that "labor" was performed, repairs made on the original project are not taken into consideration. *U.S. v. United States Fidelity and Guaranty Co.*, 656 F.2d 993, 995–96 (5th Cir. Unit B 1981). In this case it is undisputed that Dillon had workers at the construction site on December 15, 1980, which is within one year of the filing of this suit. Continental asserts that these workers were not performing "labor" within the meaning of the Miller Act. Neither this circuit nor any other circuit that we are aware of has decided which party bears the burden of proof on this issue. Adhering to the common law guide that the party in the best position to present the requisite evidence should bear the burden of proof, we hold that Dillon has the burden of proving that the work it performed after December 14, 1980 was not repair work. *See also, U.S. v. EJT Construction Co.*, 517 F.Supp. 1178, 1181 (E.D.Pa.1981) (materialman has burden of proof under Miller Act to prove that the materials it supplied were not for repair work).

 The district court found as fact that Dillon had performed nonrepair work on the job site within one year of filing suit. This finding is plainly erroneous. The only evidence that concerns the work at the job site was the testimony by Dillon's president that Dillon had laborers at the job site within one year of the suit. There was no evidence that indicated what type of work these laborers performed. Because Dillon has not carried its burden of proving that the type of work performed at the job site did not involve repairs, the judgment must be reversed.

Continental intentionally did not give notice before trial of the statute of limitations defense. Dillon is entitled to an opportunity to present evidence concerning the type of work performed on the job site after December 14, 1980.[1]

The judgment is REVERSED and the cause REMANDED for further proceedings.

---

1. The trial court ruled that the Miller Act's statute of limitations was jurisdictional and therefore could not be waived nor could the defendant be estopped from asserting it. Because of our disposition of this case, we need not consider this holding. See, however, *General Insurance Co. v. United States*, 406 F.2d 442, 444 (5th Cir.1969), and *Sam Finley v. Pilcher Livingston & Wallace*, 314 F.Supp. 654, 656 n. 3 (S.D.Ga. 1970).