A05A1348. IN THE INTEREST OF S. W. J. P. D. et al., children.
(620 SE2d 497)

MILLER, Judge.

The mother of S. W. J. P. D. and D. L. L. appeals from the juvenile court's order terminating her parental rights, arguing that the court failed to make proper findings of fact and conclusions of law. Since we agree that the juvenile court failed to make such findings, which are required by law, we remand the case with the direction that the juvenile court vacate its judgment and issue a new order including both findings of fact and conclusions of law.

A juvenile court's termination of parental rights is a two-step process.

> The first step requires a finding of parental misconduct or inability, which requires clear and convincing evidence that: (1) the child is deprived; (2) lack of proper parental care or control is the cause of the deprivation; (3) such cause of

deprivation is likely to continue; and (4) the continued deprivation will cause or is likely to cause serious physical, mental, emotional, or moral harm to the child. If these four factors are satisfied, the court must then determine whether termination of parental rights is in the child's best interest, considering physical, mental, emotional, and moral condition and needs, including the need for a secure and stable home.

(Footnotes omitted.) *In the Interest of T. F.*, 250 Ga. App. 96, 98 (1) (550 SE2d 473) (2001); see also OCGA § 15-11-94 (a), (b) (4) (A) (i)-(iv). On appeal from a termination order, we view the evidence in the light most favorable to the appellee and determine whether any rational trier of fact could have found by clear and convincing evidence that the biological parent's rights to custody have been lost. *In the Interest of F. C.*, 248 Ga. App. 675 (549 SE2d 125) (2001).

The mother has chosen not to challenge the sufficiency of the evidence supporting the juvenile court's termination order. Instead, she asserts only that the juvenile court failed to make sufficiently specific findings of fact and conclusions of law as to each of the elements justifying termination under the statute. We agree.

It is well established that a juvenile court must make specific findings of fact and conclusions of law as to each statutory factor amounting to parental misconduct or inability before considering whether termination is in the best interest of the child or children. See OCGA § 15-11-94 (b) (4) (A) (i)-(iv); *Caldwell v. Broome*, 166 Ga. App. 250, 251 (304 SE2d 98) (1983); *Crook v. Ga. Dept. of Human Resources*, 137 Ga. App. 817, 818 (224 SE2d 806) (1976).

Here, although the juvenile court identified the proper statute and burden of proof at the outset of its analysis, and included a litany of facts tending to prove the mother's inability by clear and convincing evidence, it failed to draw any explicit conclusions of law as to any of the four subfactors of OCGA § 15-11-94 (b) (4) (A). Instead, the juvenile court proceeded to the conclusion that the mother was incapable of caring for her children by implication only, as follows: "Once a court determines that parental inability exists, it must then consider and decide whether termination of parental rights is in the best interest of the children."

Accordingly, we vacate the judgment of the juvenile court and remand the case with direction to make appropriate findings of fact and conclusions of law, and to enter a new judgment based thereon. After this judgment is entered, the losing party shall be free to file another appeal. See *Crook*, supra, 137 Ga. App. at 819.

*Judgment vacated and case remanded with direction. Blackburn, P. J., and Bernes, J., concur.*

DECIDED AUGUST 30, 2005.

*Carlton, Gibson & Lawyer, Donald C. Gibson*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Charissa A. Ruel, Assistant Attorney General, James A. Chamberlin, Jr.*, for appellee.