667 S.E.2d 631 (2008)
In the Interest of D.W. et al., children.
No. A08A1511.
Court of Appeals of Georgia.
August 28, 2008.
Anissa R. Patton, for appellants.
Waymon Sims, Atlanta, for appellee.
SMITH, Presiding Judge.
Represented by a guardian ad litem, seven-year-old D.W., six-year-old C.W., and four-year-old J.W. appeal from the juvenile court's order finding insufficient evidence to support the termination of their mother's parental rights.[1] Because the juvenile court failed to enter the requisite findings of fact in its order, we remand this case for appropriate findings.
1. In reviewing a juvenile court's ruling in a termination of parental rights proceeding "[t]his [c]ourt neither weighs evidence nor determines the credibility of witnesses; rather, we defer to the trial court's factfinding and affirm unless the appellate standard is not met." (Citations and punctuation omitted.) In the Interest of A.M., 259 Ga. App. 537, 541, 578 S.E.2d 226 (2003). It is well established that
[t]he juvenile court employs a two-prong analysis for determining whether parental rights should be terminated under OCGA § 15-11-94. First, the court determines whether there is clear and convincing evidence of parental misconduct or that the parent is unable to care for and control the child. Second, the court determines whether termination is in the best interest of the child.
(Citation and punctuation omitted.) Id.
"[T]he juvenile court is required to make explicit findings as to the existence of parental misconduct or inability as defined in OCGA § 15-11-94(b)." (Citations, punctuation and footnote omitted.) In the Interest of A.D.L., 253 Ga.App. 64, 67(2), 557 S.E.2d 489 (2001); see also In the Interest of S.W.J.P.D., 275 Ga.App. 272, 273, 620 S.E.2d 497 (2005); Avera v. Rainwater, 147 Ga.App. 505, 506, *632 249 S.E.2d 340 (1978) (explicit findings of fact and conclusions of law are required); compare In the Interest of R.M., 194 Ga.App. 888, 890(3), 392 S.E.2d 13 (1990) (affirming juvenile court's dismissal of termination petition where court made findings of fact supported by the record), disapproved on other grounds, State v. Herendeen, 279 Ga. 323, 326-327, 613 S.E.2d 647 (2005). Here, without making any findings of fact regarding parental misconduct or inability (or the lack thereof), the juvenile court concluded that the evidence presented by the Department of Family and Children Services (DFACS) was "insufficient to sustain the [termination] [p]etition as to the mother, although the children remain deprived as to the mother." Our court does not find facts for the trial court. "[T]he appellate court's role is not to weigh the evidence and give a de novo opinion as to the weight of the evidence.... The factfinding and weighing of evidence is to be done in the trial court under the clear and convincing evidence test." (Citations and punctuation omitted.) In the Interest of E.C., 225 Ga. App. 12, 19, 482 S.E.2d 522 (1997).
Accordingly, we vacate the judgment of the juvenile court and remand this case with direction that the court make appropriate findings of fact and conclusions of law and enter a judgment based thereon. See In the Interest of S.W.J.P.D., supra, 275 Ga.App. at 273, 620 S.E.2d 497 (case remanded when juvenile court simply determined that mother was incapable of caring for children without drawing explicit conclusions under OCGA § 15-11-94(b)(4)(A)).
2. Having found it necessary to remand this case, we do not reach the appellants' remaining enumeration of error.
Judgment vacated and case remanded with direction.
MIKELL and ADAMS, JJ., concur.
NOTES
[1] In the same proceeding, the juvenile court terminated the parental rights of the children's putative fathers.