### MILNER *et al. v.* NEEL, receiver.

1. Under the allegations in the petition, the remedy in equity is more adequate and complete than that at law.
2. Where the law provides that a suit to revive a dormant judgment must be brought within three years from the time it became dormant, the fact that suit is brought after the expiration of the three years does not deprive the court of jurisdiction of the subject-matter.   That the suit is barred is a matter of defense.
3. If the judge erroneously finds, as a matter of fact, that the suit was within time and renders a judgment reviving the dormant judgment, the judgment of revival is not void, and, although erroneous, is binding upon the parties thereto until reversed or set aside.

Argued October 11, — Decided November 7, 1901.

Equitable petition.   Before Judge Fite.   Bartow superior court. January term, 1901.

*James B. Conyers* and *Thomas W. Milner & Sons,* for plaintiffs in error.   *Albert S. Johnson,* contra.

SIMMONS, C. J.   An equitable petition filed by Neel, receiver, against Haynes Milner, Maggie Sproull, and Katie Patterson, alleged that in the year 1875 Lewis Tumlin sold to Milner and Ellis Patterson a lot of land in the city of Cartersville, Georgia.   They gave Tumlin their notes for the purchase-money of the land, and he gave them a bond for title conditioned to make them a deed when the notes were paid.   Subsequently Tumlin died.   Messrs.

Gray and Erwin were appointed his administrators. The notes being unpaid and past due, the administrators brought suit upon them and recovered a judgment against Milner and Patterson on July 14, 1876. Several years thereafter, on the petition of certain parties to the circuit court of the United States for the northern district of Georgia, the estate of Tumlin was put into the hands of Neel as receiver. Subsequently the administrators died, and Neel continued, as receiver, to administer the estate. The judgment against Milner and Patterson became dormant, and, upon application of the receiver, was revived. After the revival of the judgment against Milner and Patterson, the latter died insolvent and leaving no estate. There was no personal representative appointed to administer his estate, and his widow, Katie Patterson, was his sole heir. Before Patterson's death, he and Milner had sold one half of the land to Maggie Sproull. She built a small house upon this half and occupied it as her home. After making the above recitals, the petition prayed an injunction against the defendants to restrain them from interfering with the property or removing the improvements therefrom, and also that the judgment be declared a purchase-money lien upon the land, and that the land be sold and the proceeds applied to the payment of the judgment. To this petition demurrers were filed by Milner and Maggie Sproull, on the grounds that there was no equity in the petition, and that the plaintiff had a statutory remedy. These demurrers were overruled, and Milner and Maggie Sproull excepted. They also answered, setting up various reasons why the relief prayed for should not be granted, one of the most important insisted on here being that the petition for the revival of the judgment was not filed within three years after the judgment had become dormant, and that, therefore, the judgment of the court, reviving the dormant judgment, was void for want of jurisdiction in the court to render it. On the trial the records of the proceedings to revive the judgment were put in evidence, and showed that the judgment really became dormant July 14, 1883; that on August 22, 1883, the sheriff made on the execution an entry of levy; and that the judge, in passing the order reviving the judgment, recited the facts but found and decided that the judgment was kept alive by the entry of August 22, 1883, and that this entry gave an additional seven years of life to the judgment, which, therefore, became dormant August 22, 1890. Within three

years of this latter date the application to revive was made and granted. On this state of facts the points made by the defendants in the present case were ruled. The judge directed a verdict for the plaintiff, and entered a decree appointing a commissioner to sell the land and providing for the distribution of the proceeds. A motion for a new trial was made, assigning error on the direction of the verdict, and on the admission of certain evidence alleged to be irrelevant, to wit, the record of the suit brought by the administrators against Milner and Patterson, the judgment, the execution and the entries thereon, the scire facias to revive the judgment, and the order of the court granting the same.

1. Under the allegations of the equitable petition as above set out, we think that the equitable remedy is more adequate, complete, and direct than the remedy at law. Tumlin, the vendor of the land, is dead. His administrators are dead, and have no successors. The management of the estate was taken from them by the Federal court and placed in the hands of Neel as receiver. One of the purchasers of the land has died, leaving no personal representative and no estate. The counsel for the plaintiffs in error admitted all of this, but insisted that the statute provided a remedy in such cases; that an administrator de bonis non could have been appointed by the ordinary on the application of any creditor; and that an administrator on the estate of Patterson could likewise have been appointed for the purpose of having Tumlin's administrator make a deed to Milner and the administrator of Patterson, so as to have the same recorded and the land levied upon. The code does provide for such remedies in ordinary cases, but it seems to us that such a course by Neel would have given rise to many complications. Had he secured the appointment of an administrator on Tumlin's estate, this administrator could have demanded the assets of the estate from Neel. The latter could not well have given them up, for he was an officer of the Federal court, with directions to hold all of the assets of the estate and to answer to the court for them. Had the administrator demanded the assets and Neel refused to turn them over, litigation would probably have arisen between them. For this and other reasons we think the equitable remedy is more adequate, complete, and direct than the remedy at law. It was, accordingly, not error to find that there was equity in the bill.

2. It was contended here that the judgment reviving the dormant judgment was void, because the court had no jurisdiction to render it. It was contended that, as the code declares that a suit to revive a judgment must be brought within three years from the time the judgment becomes dormant, if it is not so brought no court has jurisdiction to entertain it. We do not agree to this. 'The superior court, in which this suit was brought, is a court of general jurisdiction. The first thing such a court decides in any case is whether it has jurisdiction. This decision is always implied when the court takes jurisdiction and renders judgment, whether it appear upon the record or not. The superior court has jurisdiction of the matter of reviving dormant judgments, and it was not deprived of such jurisdiction by the fact that the suit was not brought within the limitation of three years after dormancy, any more than it would have been of a suit on a promissory note by the fact that such note was barred by the statute of limitations. So far as we have read, no court has ever held a judgment void because it was rendered upon a cause of action which had been barred before the commencement of the suit. If a person is sued upon a cause of action which is barred, he can not fail or refuse to attend the court and allow a judgment to go against him and afterwards claim that the judgment is void. It is his duty to appear at court and plead the statute of limitations, or demur to the petition if the bar appear on the face thereof. Upon this subject see the admirable treatise of Hukm Chand on Res Judicata, § 181, and the authorities there cited. Most of these authorities we have examined, and they fully sustain the text. See also Van Fleet, Coll. Att. § 62.

3. The judgment reviving the former judgment, even if erroneous, was not void. There is a substantial difference between void judgments and erroneous judgments. The latter are binding until reversed or set aside. The judgment reviving the dormant judgment was, in our opinion, erroneous; for the judge decided that the entry of the sheriff, six weeks after the original judgment had become dormant, renewed it and gave it another lease of life. This was, in our opinion, an error; but the court had jurisdiction of the subject-matter and, as appears from the record, of the parties. They made no defense, and acquiesced in the judgment. Until it is reversed or set aside in the mode prescribed by law, that judgment binds them and their privies. This principle is so well estab-

lished that it is unnecessary to cite authorities.    For the reasons given, we think there was no error in the direction of the verdict or in the admission of evidence.

> *Judgment affirmed.    All the Justices concurring.*