22184. PARKER v. THOMPSON et al.

SUBMITTED SEPTEMBER 10, 1963—DECIDED OCTOBER 10, 1963.

*J. Ellis Pope, Jackson & Graham, Duncan Graham,* for plaintiff in error.

*M. O. Strickland, T. Malone Sharpe, T. Ross Sharpe,* contra.

GRICE, Justice. Whether the petition fails to state a cause of action due to the statute of limitation is for review in this suit filed by B. G. Parker against D. W. Thompson, Enterprise Lumber Company, Inc., and other defendants in the Superior Court of Toombs County.

The petition, served on Enterprise on December 6, 1962, sought cancellation as a fraudulent conveyance of a deed by Thompson to Enterprise, injunction against the transfer and issuance of stock and the transfer of property by Enterprise, besides other relief. It alleged that Thompson is indebted to the plaintiff in a named amount on a judgment recovered January 12, 1962, based on an account, the last item of which was furnished on March 18, 1957; that the plaintiff can not find any property on which to levy, but that on May 1, 1961, Thompson had conveyed certain land to Enterprise for the purpose of hindering, delaying and defrauding creditors; that by the making of such conveyance Thompson became insolvent; that Enterprise was organized by him to hinder, delay and defraud his creditors, and that he received no substantial consideration for such conveyance; that the Enterprise corporation is a sham, without issuance of stock and is in actual control of Thompson. It made other allegations not necessary to state here.

On January 17, 1963, the plaintiff filed and had allowed an amendment to his petition. It set forth a copy of the proceedings in the plaintiff's judgment suit against Thompson and alleged that Enterprise, when it was organized and when Thompson conveyed to it, had knowledge that he was making the deed to defraud creditors and that two other named persons were then claiming stock rights in such corporation but in reality were acting for the benefit of Thompson. It prayed that they be made parties defendant and sought relief against transfer of any stock or stock rights.

On February 13, 1963, the plaintiff again amended his petition,

seeking as alternative relief, in the event Enterprise was found to be a valid corporation and entitled to hold the property conveyed by Thompson, that the stock and stock rights in it be sold to pay the plaintiff's judgment against Thompson.

Enterprise did not file any pleadings in this case until May 27, 1963, when it interposed a demurrer to the plaintiff's amended petition upon the ground "that said petition shows on the face thereof that the suit in judgment attached as Exhibit 'A' to Plaintiff's petition, upon which this suit in equity is based, is null and void and of no effect against this Defendant because said suit was filed and the judgment was obtained on said suit after the Statute of Limitations had expired and run, and that said suit and judgment was barred by the Statute of Limitations, that said suit and judgment cannot be a basis for this equitable action against this Defendant."

The plaintiff then made an oral motion to strike and dismiss such demurrer of Enterprise on the ground that it was then, and at the time it filed the same, in default for failure to file any pleadings within the time provided by law and that it could not raise or insist on the bar of the statute of limitation in the demurrer because it was in default for failure to file pleadings.

This motion was denied, and the court sustained Enterprise's demurrer and dismissed the petition.

Error is assigned by the plaintiff on both of those rulings.

As we appraise the matter before us, it is not necessary to rule upon the first assignment of error and thus determine whether Enterprise was in default. Even if it was not in default, it cannot prevail here because of the issue made by the second assignment of error, the correctness of the ruling on its demurrer.

The statute of limitation does not aid the defendant Enterprise in its attack upon this petition. By its demurrer Enterprise does not seek to raise the statute as a bar to the judgment sued on. Instead it attempts to invoke the statute of limitation against the account upon which the judgment was based. This is an effort to go behind the judgment by use of the statute. This the law does not allow.

When the defendant Thompson was served with a copy of the petition in the plaintiff's suit against him on the account,

which disclosed that the last item of the account sued upon was more than four years old, he had the choice of whether or not to invoke the statute of limitation. *Dawson v. Callaway,* 18 Ga. 573 (8); *Milner v. Neel,* 114 Ga. 118 (39 SE 890). He chose not to do so.

In this situation it is well established that "The bar of the statute is a privilege to the defendant, the benefit of which he may elect to take advantage of or waive as he pleases. The statute in most instances operates upon the remedy and not the right; and hence if the defendant chooses not to raise the objection of the lapse of the statutory time, the right will be enforced, and will result in a judgment which will possess all the attributes of, and be as effective as, a judgment rendered within the statutory period." *Underwood v. American Book Co.,* 64 Ga. App. 184 (12 SE2d 467). See also *Milner v. Neel,* 114 Ga. 118, 121, supra.

Since the plaintiff's judgment is valid and impregnable against assault by Thompson, the party against whom rendered, a fortiori, it withstands any attack by a third person, as attempted here by Enterprise.

For the foregoing reasons we deem the sustaining of the demurrer to the petition erroneous, and such judgment is

*Reversed. All the Justices concur.*