45145, 45146. MARYLAND CASUALTY COMPANY et al.
v. SMITH et al.; and vice versa.

BELL, Chief Judge. 1. In this workmen's compensation case, the appellants, Seapak Corporation, the employer, and Maryland Casualty Company, its insurer, assert on appeal for the first time that the award of compensation to claimant was erroneous as claimant never filed a claim against them. The facts pertinent to this issue, borne out by the record, are that the claimant received a compensable injury to her back on September 13, 1967, while employed by appellee King Shrimp Company, for which she received compensation pursuant to an agreement that was approved by the board. On October 17, 1967, a supplemental agreement was filed and approved which indicated that claimant was able to return to work as of October 3, 1967. She did not return to work for King Shrimp but obtained other employment with appellant Seapak on October 30, 1967. Claim-

ant continued in the employ of Seapak until March 29, 1968, when she again sustained a fall at work and was injured. Notice of the injury by claimant was furnished Seapak. Claimant's counsel on September 24, 1968, wrote a letter to the board requesting a hearing but referred exclusively to her earlier fall while employed by King Shrimp. Claimant's later accident and injury were not mentioned nor was her employment by Seapak. The record is completely silent as to any reference to appellants prior to November 20, 1968, when a hearing was held before a deputy director. At this hearing all the parties, including appellants, appeared with counsel. Appellants actively participated in this hearing, including the examination of witnesses, of whom claimant was one. No objection was ever made by appellants that the proceedings were not proper due to the failure of claimant to file a claim against them. The record in this posture poses the question of waiver by appellants because of their failure to raise the issue below. The Workmen's Compensation Act does not require any technical or formal filing of a claim. *Bituminous Cas. Corp. v. Mallory,* 63 Ga. App. 714 (12 SE2d 112); *Roddy v. Hartford Acc. &c. Co.,* 65 Ga. App. 632 (16 SE2d 81). *Code* § 114-305, upon which appellants rely, provides in pertinent part that an employee will be forever barred unless a *claim is filed* with the board within one year after the accident. It was held in *State Hwy. Dept. v. Cooper,* 104 Ga. App. 130 (121 SE2d 258) that compliance with this statutory provision within the time limit is jurisdictional. This court has held that the failure to file a claim within the period of limitation may be waived. *Thigpen v. Hall,* 46 Ga. App. 356 (167 SE 728); *St. Paul-Mercury Indem. Co. v. Oakley,* 73 Ga. App. 97 (35 SE2d 562). By analogy, we think the principle of waiver may also be applied to that portion of the same provision which requires the filing of a claim where, as here, the employer and its insurance carrier now claiming that no claim had been filed against them appeared and participated in the hearing as fully as if the claim had in fact been filed. This is in accord with the general rule. See 78 ALR 1306.

2. The deputy director found that the evidence did not show that the claimant has had a change in condition as the result of the injury she sustained in September 1967, but did show a new

accidental injury sustained on March 29, 1968, which caused her disability while employed by Seapak. Compensation was awarded to her against appellants. The full board approved the deputy director's findings and award and the superior court affirmed. There is evidence in the record which supports the findings and the award. This court is bound by these findings of fact. *Fidelity & Cas. Co. v. Gregg,* 118 Ga. App. 663 (164 SE2d 732). The superior court did not err in affirming the award and in denying appellants' motion to remand the case for an apportionment of the amounts to be paid by the two employers on the basis of separate injuries in different employments under *Code* § 114-408.

3. The claimant has cross appealed from the order of the superior court denying her motion for attorney's fees and penalty against the cross appellees, Seapak and its insurer, for defending the appeal on the ground that the appeal in this case was without reasonable grounds. Under the facts of this case we cannot say that the superior court judge abused his discretion in denying the motion. See *New Amsterdam Cas. Co. v. Thompson,* 100 Ga. App. 677 (112 SE2d 273).

*Judgments affirmed on the main appeal and on the cross appeal. Quillian and Whitman, JJ., concur.*

ARGUED MARCH 2, 1970—DECIDED JUNE 12, 1970—
REHEARING DENIED JULY 24, 1970—

*Bennet, Gilbert, Gilbert & Whittle, John M. Gayner, III,* for appellants.

*Adams & Nichols, O. T. Nichols, Brackett, Lyle & Arnall, H. P. Arnall,* for appellees.