## 48178. SEARCY v. GODWIN.

QUILLIAN, Judge. Jesse Godwin brought suit in the Thomas

Superior Court against F. H. Searcy seeking to recover back wages in the amount of $2,340, four years premium on a life insurance policy of $928, and $656.40 on one-half of the premium of a hospitalization policy. It was alleged that the plaintiff was to receive $200 per week from the defendant as wages and that in addition the defendant was to pay the premium on an insurance policy and on hospitalization insurance.

The case came on for trial before a judge sitting without a jury. At the close of the trial, the trial judge entered an order which contained the following finding of facts: "That prior to August 3, 1968, the plaintiff, Jesse Godwin, entered into an agreement with Floyd H. Searcy under which Godwin was to perform certain services for Searcy in the Dominican Republic for a compensation of $200 per week plus expenses. Godwin did perform these services for a period of 14 weeks for which he was paid a total of $1,310, leaving a balance of $1,490 for this period of employment. The employment ageement was continued and during September and October of 1969, Godwin worked in the Dominican Republic for a period of 8 weeks for which he was paid the sum of $1,318, leaving a balance due of $282 for this period of time or a total due to Godwin by Searcy of $1,772.

"The defendant, Searcy, contends that Godwin was employed not by him personally but by the Fiesta Corporation. The evidence discloses, however, that Mr. Searcy was the alter ego of the Fiesta Corporation and that he in fact on many occasions paid Godwin with his own personal funds later charging same to the company account.

"Mr. Searcy further contends that any obligation which he may have had to Godwin was satisfied by the payment of $1,400 for Dr. Rafael Alcantara, an attorney in the Dominican Republic, and there was introduced into evidence two checks dated June 7, 1970, totaling $1,400 payment to Dr. Rafael Alcantara and bearing the notation 'payment in full for all services Jesse Godwin.' These checks were drawn on the personal account of Floyd H. Searcy at the Citizens Bank of Cairo, Georgia. The checks bear an illegible endorsement which Mr. Searcy testifies as a signature of Dr. Alcantara. The checks were not endorsed by the defendant, Godwin, and according to the testimony of Mr. Searcy, he was informed that Godwin never received any money from Alcantara.

"The evidence discloses that both parties made an effort to obtain a statement or testimony from Attorney Alcantara with-

out success."

The following conclusions of law were contained in the judgment: "That the plaintiff and the defendant entered into an employment agreement prior to August 3, 1968, whereby defendant employed plaintiff to perform certain personal services in the Dominican Republic for a salary of $200 per week plus expenses. There is a balance due on the employment of $1,772.

"The contention of the defendant that he has discharged his obligation to Godwin by a payment to Attorney Alcantara constitutes an affirmative defense which is not established by a preponderance of the evidence."

Based on the findings of fact and conclusions of law, the trial judge entered judgment in the sum of $1,772 in favor of the plaintiff. From this judgment appeal was taken. *Held:*

1. The defendant contends that the trial court erred in finding that he owed the plaintiff $1,490 for period of employment ending August 3, 1968. This contention is based on the argument that the sum is barred by the statute of limitation, specifically Code Ann. § 3-704 (Ga. L. 1943, p. 333).

Defendant's contention is without merit since he has not filed a plea of the statute of limitation prior to the trial as is required by Section 8 (c) of the Civil Practice Act (Code Ann. § 81A-108 (c); Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230). Furthermore, during the trial the defendant filed no motion in such regard or otherwise attempted to raise such issue. A defendant may not avail himself of an affirmative defense which he failed to properly present. *Columbus Bank & Trust Co. v. Dempsey,* 120 Ga. App. 5, 7 (169 SE2d 349); *Young v. Bozeman,* 229 Ga. 195, 204 (190 SE2d 523). As pointed out in decisions prior to the Civil Practice Act: "The bar of the statute [of limitation] is a privilege to the defendant, the benefit of which he may elect to take advantage of or waive as he pleases. The statute in most instances operates upon the remedy and not the right; and hence if the defendant chooses not to raise the objection of the lapse of the statutory time, the right will be enforced, and will result in a judgment which will possess all the attributes of, and be as effective as, a judgment rendered within the statutory period." *Parker v. Thompson,* 219 Ga. 293, 296 (133 SE2d 28).

2. The defendant argues that the trial judge erred in certain of his findings of fact but fails to establish that such findings were clearly erroneous. In such circumstances, the findings of fact by

the trial judge will be sustained. Section 52 of the Civil Practice Act (Code Ann. § 81A-152; Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171).

3. The trial judge correctly held that the burden was on the defendant to establish the defense that a payment to an attorney constituted an accord and satisfaction. *City of Atlanta v. Gore,* 47 Ga. App. 70, 74 (7) (169 SE 776).

There was a conflict in the evidence as to whether the attorney was acting for the plaintiff or not. Hence, it could not be held as a matter of law that the payment of $1,400 in two checks made out to the attorney which contained language "payment in full for all services Jesse Godwin" constituted a payment to Godwin. This ground is therefore without merit.

No error of law appearing, the judgment of the trial court is affirmed.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

ARGUED MAY 1, 1973 — DECIDED OCTOBER 5, 1973.

*Michael N. Herndon,* for appellant.
*Whitehurst & Cohen, Ronald A. Cohen,* for appellee.