### 74906. BURNSED v. CITY OF ALBANY.
(361 SE2d 275)

BEASLEY, Judge.

Plaintiff sued the City of Albany and appeals from the grant of the city's motion for summary judgment.

Plaintiff was a member of a community service detail working at

Wetherbee Park, an athletic complex composed of baseball and soft-ball fields owned and maintained by the city. According to the complaint, the city was negligent in failing to properly maintain wire fences surrounding baseball fields at the park in that the fences were not properly or safely affixed to the fence posts. During a break, she leaned against a fence which gave way, causing her to fall and sustain injury, for which she sought damages as the direct and proximate result of the city's negligence.

The city's answer denied the material averments and set forth several defenses, including improper use of the fence and assumption of the risk.

In response to the city's interrogatories 1) as to what was defective and 2) how plaintiff contended the city was negligent, plaintiff stated: 1) "The wire (chain link) was not properly secured to the fence posts. As plaintiff leaned back against the fence slightly it gave way causing plaintiff to fall to the ground." (Parenthetical words included.) 2) The "wire (chain link)" should have been secured so it would not give way when a person leans back on it. In her deposition she testified: "I had, briefly, just leaned against the fence, and just fell." She further related that she and others were "policing" the park as part of their community service; during a break she "just barely leaned on it." She did not remember anything about the fence, "didn't pay any attention," gave no thought to its purpose and noticed nothing wrong with it before she leaned on it. She did not examine or test it before she "backed into it."

The city by an employee affidavit filed with the motion for summary judgment set forth: the fence was erected in 1983 (plaintiff fell in April 1984) for the exclusive purpose of protecting fans from being struck by batted or thrown balls; it was properly maintained for this purpose and there had been no complaints regarding the protection it provided or any other notice of a condition which would render it incapable of serving the purpose; the wire was attached in a manner suitable for the purpose intended, which was not for people lying or climbing over it; the "screen" was constructed by driving creosote poles into the ground and nailing wire to the post.

In response, plaintiff by affidavit reiterated that she leaned back slightly to rest on what appeared to be, and what she contends to be, a chain link fence similar to other chain link fencing surrounding the ball field.

As movant on summary judgment the city's burden is to establish the absence of any genuine issue of material fact by negating one of the essential elements of plaintiff's claim and showing that it is entitled to judgment as a matter of law. *Cunningham v. Nat. Svc. Indus.*, 174 Ga. App. 832, 838 (331 SE2d 899) (1985); *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16) (1981). If a defendant movant in-

troduces proof which pierces the allegations of the complaint, the burden shifts to plaintiff who must rebut this proof and show there are genuine issues for trial. *Edwards v. McTyre*, 246 Ga. 302, 303 (4) (271 SE2d 205) (1980).

Plaintiff's theory is that the city, a landowner, was negligent in not foreseeing that an invitee would misuse, by leaning against it, a fence put up to protect fans from batted or thrown balls, and affixing the fencing to the posts so that the fence would withstand an invitee leaning against it.

The obligation of an owner or occupier of land to invitees is found in OCGA § 51-3-1. That is amplified by numerous principles including the one upon which plaintiff's case stands: "Where an instrumentality is put to a purpose or use not intended, the owner or person in control is not liable for injuries occasioned thereby unless he had actual knowledge that such instrumentality was defective or unsuited for that purpose and knew or should have anticipated it would be diverted to the foreign use. [Cits.]" *Amear v. Hall*, 164 Ga. App. 163, 169 (2) (296 SE2d 611) (1982).

It is a question of whether or not the misuse, here, should have been reasonably anticipated. " '[T]he standard is whether a reasonably prudent person at the time and in the circumstances would have foreseen danger and what he reasonably would have done to prevent injury; negligence is defective foresight judged by this standard rather than by hindsight of what actually happened and the effectiveness of the action taken [to prevent the incident].' [Cit.]" *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 156 (1) (A) (256 SE2d 916) (1979). In that case and in the ones there discussed, the allegedly anticipated negligence was that of third parties, not the invitee plaintiff. The same principle would apply here, but of course it would have the added feature of requiring consideration of comparative negligence, since plaintiff has already admitted she "misused" the fence by using it for an unintended purpose.

One of the crucial facts in dispute is the composition of the fence. Plaintiff says it was chain link; if so, it might be reasonably anticipated that a person would lean on it, perceiving it to be sturdy. The city refers to it as wire, and screen; if so, it might not be reasonably anticipated that a person would lean on it, calling into play instead the principle that one is ordinarily not responsible for warning of conditions which are or should be obvious. *Herschel McDaniel Funeral Home v. Hines*, 124 Ga. App. 47, 49 (183 SE2d 7) (1971). See *Stenhouse v. Winn-Dixie Stores*, 147 Ga. App. 473, 474 (249 SE2d 276) (1978); *Amear v. Hall*, supra at 169. The landowner in such circumstances would not have superior knowledge of the limited purpose of the fence. See *Arnold v. Athens Newspapers*, 173 Ga. App. 735, 738 (2) (327 SE2d 845) (1985) for the "superior knowledge" principles. A

plaintiff is charged with the "avoidance of consequences" doctrine and the principle of assumption of the risk. *Osburn v. Pilgrim*, 246 Ga. 688, 695 (273 SE2d 118) (1980). Plaintiff has a duty to "exercise ordinary care to avoid the consequences of any negligence by defendants when such is apparent or in the exercise of ordinary care should have become apparent to plaintiff." *Smith v. Poteet*, 127 Ga. App. 735, 741 (6) (195 SE2d 213) (1972).

In its current posture, with material facts in dispute, this is not that "plain and indisputable case" which can be disposed of by summary judgment. *Wakefield v. A. R. Winter Co.*, 121 Ga. App. 259, 260 (174 SE2d 178) (1970).

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 25, 1987.

*Richard L. Hodge*, for appellant.
*Leonard Farkas*, for appellee.