## 76385. HILL v. GOODYEAR TIRE & RUBBER COMPANY.
### (371 SE2d 661)

McMurray, Presiding Judge.

This is a slip and fall case. Plaintiff's complaint alleges that she was an invitee at defendant's business establishment (an automobile service and repair facility) when she slipped and fell on a slick greasy substance which had been left on the floor by an employee of defendant. The complaint also avers that defendant's employees knew or should have known the slick greasy substance which caused her fall was on the floor and that defendant was negligent in allowing the substance upon the floor. Plaintiff also alleges that due to her fall, she has suffered permanent injuries, medical expenses, and lost time from work.

Defendant's answer denied that it was negligent in any way. Subsequently, defendant moved for summary judgment. The state court found "that the defendant had no superior knowledge, either constructive or actual, of the alleged defect on its premises . . ." and granted defendant's motion for summary judgment. Plaintiff appeals. *Held*:

"[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327).

The only evidence in the record of the case sub judice consists of the deposition of plaintiff. The testimony of plaintiff is that while she was watching where she was going, she was unable to see the greasy substance on the floor until after she had stepped in it and fallen.

"The burden is on the party who moves for summary judgment to produce evidence which conclusively negates the essential elements entitling the respondent to recover under any theory that may be drawn fairly from the pleadings and the evidence. *Raven v. Dodd's*

*Auto Sales & Svc.,* 117 Ga. App. 416 (160 SE2d 633); *Saunders v. Vickers,* 116 Ga. App. 733, 734 (158 SE2d 324). . . . There is no duty placed upon the plaintiff to produce evidence until the defendant's evidence pierces the plaintiff's pleadings and demands a finding in defendant's favor on the particular issue of fact made by the pleadings." *Fort v. Boone,* 166 Ga. App. 290, 291 (304 SE2d 465). See also *Burnsed v. City of Albany,* 184 Ga. App. 297, 298, 299 (361 SE2d 275).

There is clearly evidence of plaintiff's lack of knowledge of the greasy substance on the floor, therefore, the primary issues presented on appeal involve whether defendant had superior knowledge of the greasy substance. Since the evidence in support of defendant's motion for summary judgment fails to establish defendant's lack of knowledge of the greasy substance on the floor, defendant failed to pierce the allegations of plaintiff's complaint and plaintiff was under no duty to produce evidence in support of her allegation regarding defendant's knowledge of the greasy substance on the floor. Thus, defendant failed to negate an essential element of plaintiff's case. The state court erred in granting defendant's motion for summary judgment. *Peoples Bank of Bartow County v. Austin,* 159 Ga. App. 223, 227 (2) (283 SE2d 81); *Guthrie v. Monumental Properties,* 141 Ga. App. 21 (2), 22, 23 (232 SE2d 369).

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED JULY 5, 1988 —
REHEARING DENIED JULY 20, 1988.

*Richard B. Thornton,* for appellant.
*C. Ashley Royal,* for appellee.