A89A0524. HAMNER v. EMORY UNIVERSITY et al.
(380 SE2d 83)

McMURRAY, Presiding Judge.

This is a slip and fall case arising from injuries sustained by plaintiff Hamner at a food service cafeteria known as Cox Hall on the campus of defendant Emory University. At the time of plaintiff's injury, Cox Hall was managed by Saga Corporation which has since merged with defendant Marriott Corporation. Plaintiff's complaint alleges that her slip and fall was caused by defendants' negligent failure "to maintain a safe premises by allowing water to remain on the floor around a water cooler with no warning of said hazard present."

Following discovery, defendants moved for summary judgment. Plaintiff appeals from the grant of defendants' motion for summary judgment. *Held*:

"[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant [s]he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327). In the case sub judice, plaintiff has testified that she was not aware of the water on the floor until after her fall. Therefore, the primary issues presented on appeal involve whether defendants show that they lacked actual or constructive knowledge of the water on the floor. *Hill v. Goodyear Tire &c. Co.*, 187 Ga. App. 890, 891 (371 SE2d 661).

Defendants failed to present any evidence negating their knowledge of the water on the floor. Instead, they argue that the plaintiff cannot establish at trial that the defendants had knowledge of the condition. However, on motion for summary judgment, the burden was upon defendants as movants to show their lack of knowledge of the water on the floor. Until defendants have done so, the allegations of plaintiff's complaint are not pierced and plaintiff was under no duty to produce evidence in support of her allegations regarding defendants' knowledge of the water on the floor. *Baldwin County Hosp. Auth. v. Coney*, 188 Ga. App. 339 (1) (373 SE2d 252); *Hill v. Goodyear Tire &c. Co.*, 187 Ga. App. 890, 891, supra.

Additionally, we note defendants' attempt to negate constructive knowledge of the condition, based upon failure to exercise reasonable care in inspecting and keeping the premises in a safe condition, by submitting the affidavit of the supervisor of Cox Hall cafeteria. However, the supervisor's affidavit proves nothing as it sets forth the customary inspection procedure for Cox Hall, but fails to state whether these procedures were followed on the specific day in question. *Food Giant v. Cooke*, 186 Ga. App. 253, 255 (366 SE2d 781)

Since the evidence fails to establish defendants' lack of knowledge of the water on the floor, defendants failed to negate an essential element of plaintiff's case. The state court erred in granting defendants' motion for summary judgment.

*Judgment reversed. Carley, C. J., and Beasley, J., concur.*

DECIDED MARCH 15, 1989.

*Charles W. Wrinkle*, for appellant.

*Fortson & White, Mark E. Colm, Williston C. White, Long, Weinberg, Ansley & Wheeler, Suzanne Trexler*, for appellees.