46866. LOVE et al. v. LOVE.
(383 SE2d 329)

GREGORY, Justice.

In 1929 Armstead Love executed a deed conveying his entire undivided ¼ interest in 150 acres of land[1] in Treutlen County to his wife, Florence, and seven children in eight equal, undivided fee simple shares. In 1932 Florence Love executed a deed which purported to retain a life estate for herself in essentially the same tract of property,[2] and to convey to her children, following her death, seven equal and undivided life estates in the property. At the death of each child, his interest in the property was to go to his bodily heirs in fee. If there were no bodily heirs, the deed provided that the child's share would revert back to Florence's estate, and "be divided among the balance of heirs."

In 1987 Emmuel Love, one of two surviving children of Armstead and Florence Love, died without issue, willing his interest in the property to his brother, appellee Curry Love. Thereafter appellants, seven grandchildren of Armstead and Florence Love, brought this eq-

---

[1] There is no evidence in the record to show that the tract in question has been partitioned. Therefore, we treat the interests of the parties before us as though they are fractional undivided interests in the entire 150-acre tract.

[2] The description of the southern boundary of the tract purported to be conveyed by the Florence Love deed differs from the description of the southern boundary of the tract conveyed by the Armstead Love deed. But this is only because the descriptions are by adjoining landowners and the names are different, though for all the record shows, the adjoining land may be identical and the land line the same.

uitable action to construe the deeds in question. Appellants sought a determination that the deed of Florence Love rather than the deed of Armstead Love controls the parties' interests in the property in question. We hold that each deed conveys a portion of the interests now held by the parties.

It is undisputed that there is no record of any conveyances of the property in question other than the respective deeds of Armstead and Florence Love. The trial court determined that Florence Love could convey in the 1932 deed only that portion of the property which she had received from Armstead Love in the 1929 deed: an undivided 1/32 fee simple interest in the entire tract.[3] Therefore, the trial court granted Curry Love's motion for summary judgment, concluding that Curry Love has the following interests in the subject property: an undivided 1/32 fee simple interest which the Armstead Love deed conveyed to him; an undivided 1/32 fee simple interest which Emmuel Love received from the Armstead Love deed and willed to Curry Love; and a life tenancy in the entire undivided 1/32 interest which Florence Love conveyed to her surviving children by the 1932 deed.

1. The appellants argue that the trial court erred in granting summary judgment to appellant because appellee's affidavit contained inadmissible legal conclusions. The rule is that where an affidavit contains conclusions which would not be admissible in evidence, the conclusions are to be disregarded in considering the affidavit in connection with the motion for summary judgment. *Chandler v. Gately*, 119 Ga. App. 513 (1) (167 SE2d 697) (1969). There being nothing in the record to indicate the contrary, we presume that the trial court followed this rule.

2. Appellants argue that Florence Love established a claim of title to the subject property by adverse possession following execution of her deed in 1932. In support of this argument appellants point out that the parties have always "operated under the provisions" of the Florence Love deed. Even assuming this to be true, permissive possession cannot be the foundation of a prescription absent actual notice. OCGA § 44-5-161 (b). There is no evidence of actual notice in the record.

Further, we agree with the trial court that as there is no evidence of an actual ouster by Florence Love against any of the other co-tenants, appellants' claim that Florence Love acquired the subject property by adverse possession must fail. OCGA § 44-6-123.

3. Under the Armstead Love deed, each of the seven children and Florence Love received an undivided 1/32 fee simple interest in the

---

[3] The fractions used by the trial court differ from ours because the parties treated the case as though the Armstead Love deed conveyed interests in 37 and ½ acres rather than conveying interests in an undivided ¼ interest in 150 acres which the deed described.

entire tract of 150 acres. We agree with the trial court that Florence Love could only convey her own undivided 1/32 interest in the property when she executed the 1932 deed. Under the terms of this deed, each of the seven children received an undivided 1/7 life estate in the undivided 1/32 fee simple interest of Florence following the expiration of her life estate. The 1932 deed also created remainder interests in the bodily heirs of the seven children.

The trial court correctly found that appellee Curry Love has an undivided 1/32 fee simple interest in the entire tract conveyed to him by the Armstead Love deed, as well as an undivided 1/32 fee simple interest in the property which he inherited from his brother, Emmuel Love. However, we find that the trial court erred in determining the interest Curry Love has under the 1932 deed from Florence Love.

The trial court concluded that under the Florence Love deed appellee has a life estate in Florence's entire undivided 1/32 interest. However, under this deed appellee received an undivided 1/7 life estate interest in Florence's undivided 1/32 interest following her death; stated another way, Curry Love has an undivided 1/224 life estate interest in the entire tract of 150 acres.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 6, 1989 —
RECONSIDERATION DENIED SEPTEMBER 27, 1989.

*Clarence L. Martin,* for appellants.
*J. Carlton Warnock, John J. Ellington,* for appellee.