A90A2200. LEE v. PEACOCK et al.
(404 SE2d 473)

BIRDSONG, Presiding Judge.

This is a wrongful-death action brought by appellant to recover for the loss of her husband who died due to complications arising from the treatment of injuries sustained in a fall which occurred in appellees' store. The appeal is from the grant of appellees' motion for summary judgment.

Appellant was present in the store with her husband when the incident occurred. After proceeding ahead of him down a narrow aisle, which was lined on both sides with cardboard boxes stacked on wooden pallets, appellant looked back and observed that her husband had fallen. No one actually witnessed her husband's fall, and it is apparent without dispute that there was no foreign substance on the floor which might have caused it. Appellant testified, however, that the stacked boxes made the aisle "real close" and that upon closer examination after her husband fell, she observed that the wooden pallets on which the boxes were stacked were "sticking out enough to trip you."

Appellant's injured husband was transported by ambulance to a local hospital, where it apparently was determined he had sustained a fracture of his left femur. He was then transferred by ambulance, accompanied by appellant, to another hospital. Appellant testified that while enroute to the *second* hospital, her husband told her he had tripped on a wooden pallet. He died three days later of post-operative complications arising from the surgery performed to reduce his bone fracture. *Held:*

1. Appellant contends the trial court erred in concluding her husband's statement in the ambulance regarding the cause of his fall was not admissible as part of the res gestae.

Res gestae declarations are defined by OCGA § 24-3-3 as those "accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought. . . ." The term refers to declarations which "obviously spring[] out of the transaction tending to elucidate it, that [are] not suspected or extracted and thus

[are] spontaneous and voluntary, made at a time near enough and under circumstances reasonably to preclude any suggestion of deliberate design. . . ." *Walls v. State,* 166 Ga. App. 503, 505 (304 SE2d 547).

"[A] trial judge's determination that evidence offered as part of the res gestae is [or is not] sufficiently . . . reliable . . . to warrant being considered by the jury will not be disturbed on appeal unless that determination is clearly erroneous." *Andrews v. State,* 249 Ga. 223, 228 (290 SE2d 71). The trial court was authorized to conclude that, under the attendant circumstances, the husband's statement in the ambulance, which was made to his wife some 45 minutes after his fall and approximately three days before he died of post-operative complications, was not sufficiently connected in point of time to the incident to be free from all suspicion of afterthought. Thus, the trial court's inherent ruling in this case excluding the deceased husband's statement was *not* "clearly erroneous," and the trial court did not abuse its discretion in declining to consider it. Moreover, a correct ruling of the trial court will not be reversed regardless of the reason given, if any. *Tony v. Pollard,* 248 Ga. 86 (1) (281 SE2d 557).

This case is distinguishable from *Swain v. C & S Bank of Albany,* 258 Ga. 547 (372 SE2d 423), where the trial court *denied* the motion in limine to exclude the declaration of the deceased. Compare *Chrysler Motors Corp. v. Davis,* 226 Ga. 221, 226 (173 SE2d 691), cited in *Swain,* supra, "[t]he principal ingredient in this kind of evidence, required for its admissibility, is trustworthiness. . . . The declaration of the deceased in the *Moore* case [*Moore v. Atlanta Transit System,* 105 Ga. App. 70 (2) (123 SE2d 693)] was totally untrustworthy. It was not a part of the res gestae; it was made long after [the] alleged injury; [and] it was very much in the declarant's interest."

2. Our distinguished colleagues in the minority note that the record contains certain hospital records pertaining to the deceased and argue that the information in these records is admissible under OCGA § 24-3-4, and is sufficient to preclude the grant of appellee's motion for summary judgment. These hospital records contain the following statements relating to deceased's admission: "This is a 71-year-old male who fell the morning of admission. . . . Patient relates that he was ambulatory in a local hardware store when he tripped *over a pallet* and incurred his fall." (Emphasis supplied.) The hospital record also reflects that "patient was in a local hardware store when he *apparently* tripped *over a pallet* and incurred the fall." (Emphasis supplied.)

On occasion, the personal history section of hospital reports will contain a "blow-by-blow" description of all alleged facts causing or even remotely contributing to a patient's injury, and give detailed accounts thereof quite unnecessary to those express purposes, such as

medical diagnosis and treatment, listed in OCGA § 24-3-4. Superfluous recitations in medical reports of facts reported by a patient, particularly those with a self-serving litigative potential to the maker, should be viewed most critically, as the object of all legal investigation is the search for truth. See generally OCGA § 24-1-2. In such cases, the entry made in the hospital business record "is hardly a regular entry" that should warrant an exception to the hearsay rule. See Agnor's Georgia Evidence (2d ed.), Hearsay, § 11-37. Additionally, the detailed description of the particular object upon which allegedly the deceased merely *tripped* has no medical significance in these circumstances for diagnostic or other medical purposes within the meaning of OCGA § 24-3-4. Accordingly, these entries should not be deemed to create a genuine issue of material fact as to the causation of the deceased's injury. See *Love v. Love*, 259 Ga. 423, 424 (1) (383 SE2d 329) (inadmissible conclusions in affidavit disregarded).

Furthermore for the reasons stated in Division 3 below, the mere statement that deceased "tripped on a pallet" standing alone does not impute any negligence to appellees.

3. Assuming arguendo the evidence contained in the hospital reports is admissible in toto without redaction for summary judgment purposes, the trial court nevertheless did not err in granting summary judgment to appellees. The trial court in granting summary judgment for appellees considered as controlling the precedent of *Lane v. Maxwell Bros. &c.*, 136 Ga. App. 712 (222 SE2d 184) and *Rich's v. Waters*, 129 Ga. App. 305 (199 SE2d 623). We agree. See also *Tuck v. Marriott Corp.*, 187 Ga. App. 567 (370 SE2d 795).

The record reflects deceased had patronized the store in the past; he was 71 years of age; no person actually witnessed his fall; deceased was following his wife through the store; appellant wife had walked down "a good walking area" when passing the pallets without incident; and, appellant wife had observed the pallets with fans stacked upon them as she walked by the pallets *prior* to her husband's fall. The record also reflects deceased had fallen from vertigo or seizures of dizziness twice in 1985; he had fallen two or three times in the yard when his foot caught on the grass or something; and, deceased had a seizure in February, had fallen in the bathroom on a floor with a little moisture and a rug on it in March, had visited a doctor in April complaining of increased dizziness, and fell in the Western Auto store in May.

The pallets clearly were visible and posed no latent danger. "The duty to warn extends only to a latent danger — not to an open or obvious one." *Herschel &c. Funeral Home v. Hines*, 124 Ga. App. 47, 49 (183 SE2d 7); *Burnsed v. City of Albany*, 184 Ga. App. 297, 299 (361 SE2d 275). It has been opined that to allege a proprietor possesses superior knowledge is "simply another way of alleging that he

had a superior 'opportunity to discover'" the danger. *Baldwin County Hosp. Auth. v. Coney*, 188 Ga. App. 339, 342 (373 SE2d 252) (concurring opinion). The evidence in this record is uncontroverted that the pallets would be visible to a passing customer, as they were visible to appellant moments before the deceased's fall. Deceased "was under a duty to use [his] sight to discover any defects or dangers." *Lane*, supra at 713. If the deceased in fact stumbled over the pallet rather than falling during the course of a seizure or dizziness attack, he failed in his duty to use his sight to see the obvious. Further, if the deceased fell over the pallet because he was undergoing a seizure or dizziness attack, the store would not be liable, as the deceased's medical condition would be the "causation" of his injury. If, however, deceased did not stumble over the pallet at all, then appellees likewise are not liable as "'"'proof of nothing more than the occurrence of the fall is insufficient to establish the proprietor's negligence.'"'" *Harmon v. Reames*, 188 Ga. App. 812, 814 (374 SE2d 539). There is no evidence that the deceased had eye trouble, no contradicting evidence that pallets were not in plain view, no evidence of poor lighting, and no evidence of anything that distracted him.

We are not without sympathy for the plight of appellant; nevertheless, "'(t)he appellate process affords us no latitude to make adjustments for the . . . heart-rending misfortune of the unlucky.'" *First Financial Ins. Co. v. Rainey*, 195 Ga. App. 655, 664 (394 SE2d 774). Viewing the record in its entirety there exists at best a shadowy semblance of an issue as to appellees' liability. "Summary judgment law does not require the movant to show that no issue of fact remains but only that no genuine issue of material fact remains; and while there may be some shadowy semblance of an issue, the case may nevertheless be decided as a matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion." (Citations and punctuation omitted.) *Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 68 (4) (397 SE2d 576).

Appellant's other contentions are without merit.

*Judgment affirmed. Sognier, C. J., Pope and Andrews, JJ., concur. Carley, J., concurs in Division 3 and in judgment. Beasley, J., concurs in Divisions 1 and 3 and in judgment. McMurray, P. J., Banke, P. J., and Cooper, J., dissent.*

BANKE, Presiding Judge, concurring in part and dissenting in part.

1. I concur with the holding in Division 1 of the majority opinion that the decedent's statement to his wife in the ambulance was not sufficiently connected to the actual occurrence of the accident to be admissible as part of the res gestae. However, I would hold that his statements to the admitting physician concerning the cause of his in-

jury, as contained in the hospital records, were admissible under OCGA § 24-3-4, which provides, in pertinent part, as follows: "Statements made for purposes of medical diagnosis or treatment and describing . . . symptoms, pain, or sensations, *or the inception or general character of the cause or external source thereof* insofar as reasonably pertinent to diagnosis or treatment shall be admissible in evidence." (Emphasis supplied.)

"The theory behind this exception to the hearsay rule is that information given to medical personnel for the purpose of securing diagnosis or treatment may be deemed inherently trustworthy." *Dunn v. McIntyre*, 146 Ga. App. 362, 363 (246 SE2d 398) (1978). See also *Allen v. State*, 174 Ga. App. 206 (2) (329 SE2d 586) (1985); *Davis v. State*, 168 Ga. App. 272 (5) (308 SE2d 602) (1983). The majority appears to contradict itself in asserting, on the one hand, that the manner in which the decedent sustained his injury had "no medical significance for diagnostic or other purposes," and on the other hand that the injury may well have resulted from a seizure or some other physical infirmity. Clearly, the nature and circumstances of the fall were relevant under the circumstances to the decedent's diagnosis and treatment.

2. I would further hold that a material factual dispute remains as to the appellees' liability. While the appellant acknowledged that she and her husband had been frequent visitors to the store, there was no showing that the same conditions had been present in the store on those previous occasions, i.e., that there were boxes stacked on wooden pallets on either side of the narrow aisle in question. Moreover, while the presence of the boxes may have been readily observable, it is inferable from the decedent's statements to the hospital physician, combined with the appellant's testimony in the case, that what caused the fall was not the boxes themselves but the fact that the pallets on which they were stacked were "sticking out enough to trip you." It is further inferable from the appellant's testimony that this condition was not readily observable.

" 'Even though the facts in the case are uncontradicted and uncontroverted, where they are such that there is room for difference of opinion between reasonable men as to whether or not negligence should be inferred, the right to draw the inference is peculiarly within the exclusive province of the jury. [Cits.]' [Cit.]" *Yeager v. Jacobs*, 111 Ga. App. 358 (2) (141 SE2d 837) (1965). Because I cannot agree that the evidence currently of record in this case establishes as a matter of law that the decedent knew or should have known of the allegedly dangerous condition, I must respectfully dissent from the majority's decision.

I am authorized to state that Presiding Judge McMurray and Judge Cooper join in this dissent.

DECIDED MARCH 15, 1991.

Kopp, Peavy & Conner, J. Edwin Peavy, for appellant.
Terry A. Dillard, Bryant H. Bower, Jr., for appellees.