## A95A2097. ROBINSON et al. v. J. SMITH LANIER & COMPANY OF CARROLLTON.

(470 SE2d 272)

BLACKBURN, Judge.

Plaintiffs appeal the trial court's grant of summary judgment to defendant insurance agent on the basis that no injury could result to plaintiffs as a result of any negligence of defendant in failing to timely procure workers' compensation coverage as no workers' compensation claim had been timely filed for benefits under such coverage and the relevant statute of limitation barred any future claim.

Glenn R. Robinson and Ronald C. Robinson d/b/a Robinson & Robinson Construction Company (the Robinsons) appeal the trial court's grant of summary judgment to J. Smith Lanier & Company of Carrollton (J. Smith Lanier), an insurance agency, on the Robinsons' claim for negligent failure to procure insurance.

On December 13, 1990, the Robinsons paid a premium to J. Smith Lanier for workers' compensation insurance. The Robinsons allege that coverage was to begin on December 14, 1990. On that very day, December 14, the Robinsons allege that one of their employees suffered a work-related injury. The Robinsons reported the accident and learned that coverage had been assigned to United States Fidelity & Guaranty (USF&G) and became effective on December 17, 1990. USF&G denied coverage, claiming that its insurance was not in effect at the time of the accident. While the Robinsons reported the accident to USF&G, the employee never filed a workers' compensation claim. Glenn R. Robinson deposed that the employee was given $200 per week or a total of $7,720 during the time that he was not working so that the employee could pay his bills. However, the employee testified to his understanding that the money was a loan, and almost all of the check stubs produced by the Robinsons reflecting these payments were marked as a "loan." The Robinsons did not pay or promise to pay their employee anything else including medical bills. The Robinsons' final payment to the employee occurred in September 1991.

On February 22, 1992, the Robinsons sued J. Smith Lanier for negligently failing "to place the insurance coverage in a timely manner." Subsequently, the trial court granted J. Smith Lanier's motion for summary judgment concluding that, as a matter of law, the Robinsons had not and could not suffer any damages due to the insurance agent's alleged negligence.

Assuming that J. Smith Lanier failed to procure the coverage in a timely manner, the trial court found no evidence that the Robinsons had been harmed as a result of the alleged error (a) because no workers' compensation claim had been timely filed and (b) because relevant statutes of limitation barred any such claim in the future. For the reasons outlined below, the trial court did not err in granting de-

fendant's motion for summary judgment.

1. When an insurance agent negligently fails to procure insurance, he steps into the shoes of the carrier and becomes "liable for loss or damage to the limit of the agreed policy." (Citations and punctuation omitted.) *Ga. Farm Bureau Mut. Ins. Co. v. Arnold*, 175 Ga. App. 850, 852 (334 SE2d 733) (1985). Similarly, when an agent negligently fails to procure insurance, his liability is limited to those losses that would have been covered by the agreed policy. *Peagler & Manley Ins. Agency v. Studebaker*, 156 Ga. App. 786 (275 SE2d 385) (1980) ("[w]here there has been no showing that recovery against the insurance carrier would have been possible, the alleged negligence of the insurance agent in failing to procure . . . coverage has not been shown to have caused the loss").

Assuming without deciding that defendant was negligent in failing to timely procure the subject coverage, it is undisputed that no workers' compensation claim was ever filed seeking benefits under such coverage and that all relevant statutes of limitation have expired.

The Robinsons contend that a claim for workers' compensation benefits is not automatically barred by the statute of limitation. Rather, citing *Maryland Cas. Co. v. Smith*, 122 Ga. App. 262 (176 SE2d 666) (1970), they argue that an employer must affirmatively raise the statute of limitation before it works to bar a claim. Accordingly, should the Robinsons, as the employer, choose not to assert a statute of limitation defense to any workers' compensation claim that the injured employee might subsequently file, J. Smith Lanier would be liable should the employee prove his injury was compensable.

While an employer is free to waive its available defenses, it is not free to do so to the detriment of its insurance carrier. Under the Robinsons' hypothetical, the sole cause of any damage they would sustain would be their failure to assert a viable defense, and thus they could not look to the defendant for relief.

The Robinsons argue that the doctrine of avoidance of consequences is inapplicable. We disagree. It is clear that under Georgia law, one cannot willingly submit to being injured and then seek recompense for that injury from a third party even if that third party was negligent. "It is well-established Georgia law that before an action for a tort will lie, the plaintiff must show he sustained injury or damage *as a result of* the negligent act or omission to act in some duty owed to him. OCGA § 51-1-8." (Emphasis supplied.) *Whitehead v. Cuffie*, 185 Ga. App. 351, 353 (364 SE2d 87) (1987). The injury threatened to the Robinsons in this case is uninsured loss. If such injury should come to pass, it would not be because J. Smith Lanier failed to timely procure insurance coverage over five years ago when the premium was presented. Rather, it would be because at some

point in the future, with full knowledge of the consequences, the Robinsons refuse to assert a viable defense that would prevent the loss from occurring.

The Robinsons argue that the trial court's rejection of their argument regarding the waiver of this defense establishes an unwise policy contrary to the public good. They argue that, under the present facts, they should not be penalized if, in good conscience, they choose to acknowledge liability to their injured employee and forego asserting their statute of limitation defense. This Court must apply the law as it exists, and we have no equitable jurisdiction. We find the willingness of the Robinsons to waive their statute of limitation defense and accept liability for their employee's injury to be commendable. It is their attempt to require defendant to bear the expense of their charity that the law does not permit. It is easy to take the "high road" if another must bear the cost of the trip.

2. In their second enumeration of error, the Robinsons assert that the trial court erred in granting summary judgment because a question of fact existed as to whether the $7,720 they paid their injured employee was a loan or whether the payments constituted salary in lieu of compensation for the employee's work-related injury.

The plaintiffs do not contend that the statute of limitation was tolled because of the above facts. Plaintiffs are not raising in this appeal that the payments would toll the running of the statute of limitation since more than two years have passed from the last payment. OCGA § 34-9-82 would permit the filing of a claim within two years of the date of the last payment of weekly benefits to the employee. Viewing the facts in favor of plaintiffs, it is undisputed that more than two years have passed since the last payment by the Robinsons to the employee. Therefore, any claim related to any such payments is barred by the applicable statute of limitation. This enumeration is without merit.

Thus, the trial court did not err in granting summary judgment to defendant, and we therefore affirm.

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Pope, P. J., Andrews, Johnson, Smith and Ruffin, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent from the affirmance of summary judgment in favor of the defendant insurance agency, J. Smith Lanier & Company of Carrollton. In my view, a jury question is presented as to whether an estoppel (or lack of standing) precludes the insurance *agency* from asserting a defense ordinarily available only to the *insurer*, i.e., a duty of cooperation that would itself bar the plaintiff employers, Glenn R. Robinson and Ronald C. Robinson, from waiving

the statute of limitation defense in any action by their injured but uninsured employee.

According to the complaint and the admitted allegations, on December 13, 1990, plaintiffs submitted a reprinted form application for workers' compensation insurance, which form identified defendant as the "AGENCY AND PRODUCER." Plaintiffs tendered a check drawn on the Georgia bank account of R & R Construction for $6,225, constituting one year's premium. This check was paid that same day and deposited into defendant's account. Plaintiffs received from Valva Banister, defendant's authorized representative, a certificate of insurance indicating that coverage was effective as of 12:01 a.m. on December 14, 1990, through December 14, 1991. Also on December 14, 1990, plaintiffs' employee, Barry Dryden, was injured while within the course and scope of his employment. Plaintiff Glenn Rudolph Robinson confirmed that, while his company paid no hospital bills on behalf of Barry Dryden, "[w]e paid him $200 a week essentially because he couldn't meet his obligations to pay his bills without it. I told him that we was having some misunderstanding with the insurance company and . . . [defendant] hadn't started it. . . . So I paid him $200 a week until he returned to work just so he would have some sort of income." This $200 per week represented what the injured employee "needed to get by until Workmen's Comp got started." When plaintiffs made a claim against the policy, coverage was denied by the insurer to whom the policy was assigned on the ground that insurance was not effective as of the time of the accident. Plaintiffs allege that defendant negligently failed to place the insurance coverage in a timely manner.

Defendant denied liability and moved for summary judgment, urging that plaintiffs have not suffered any legal damages due to the following circumstances: The injured employee never pursued a workers' compensation claim and the one-year statute of limitation (plus extensions) established by OCGA § 34-9-82 (a) for filing any such claim has expired. Defendant argued that, since it was too late for the employee to file a workers' compensation claim against his employers (plaintiffs), plaintiffs are not exposed to any legal liability and, therefore, have not been harmed by any negligence of defendant.

On appeal, plaintiffs contend summary judgment for the insurance agency was inappropriate because they could and would waive any available statute of limitation defense should a workers' compensation claim be brought by the injured employee.

Plaintiffs correctly argue they could waive the statute of limitation defense to a workers' compensation claim. *Maryland Cas. Co. v. Smith*, 122 Ga. App. 262 (1), 263 (176 SE2d 666); *Pittman v. Elder*, 76 Ga. 371, 376. " 'Where an employer or his insurance carrier has furnished or paid for medical and hospital services to an injured em-

ployee, it is generally held that this constitutes a payment of compensation, or a waiver which suspends the running of the time for filing a claim for compensation.' 58 Am. Jur. 850, § 417." *Chevrolet Div., Gen. Motors Corp. v. Dempsey*, 212 Ga. 560, 564 (93 SE2d 703). In the case sub judice, the trier of fact could reasonably conclude that the weekly payments of $200 by plaintiffs to their injured employee constituted payments of compensation, subject to a promise to reimburse the employer out of the proceeds of any eventual award. This conduct would operate to toll the running of the statute of limitation even without a waiver, at least until such time as the final payment has been made. But a waiver could come at any time, despite the running of the statutory period. " 'The bar of the statute (of limitation) is a privilege to the defendant, the benefit of which he may elect to take advantage of or waive as he pleases. The statute in most instances operates upon the remedy and not the right; and hence if the defendant chooses not to raise the objection of the lapse of the statutory time, the right will be enforced, and will result in a judgment which will possess all the attributes of, and be as effective as, a judgment rendered within the statutory period.' *Parker v. Thompson*, 219 Ga. 293, 296 (133 SE2d 28)." *Searcy v. Godwin*, 129 Ga. App. 827, 829 (1) (201 SE2d 670). In the case sub judice, it is my view that the trial court erred in reasoning that "the employee is barred from *initiating* a claim at this point," (emphasis supplied) because the employer can waive the privilege of the statute of limitation defense at any time. Although the majority asserts, without citation of authority, that the employer cannot waive a valid defense "to the detriment of its insurance carrier," (majority, ante, p. 738) this position overlooks the material fact that this action is against the negligent insurance agency and not the insurer. I am unable to join in the curious proposition that an insured's duty to cooperate with the insurer (lest coverage be voided) redounds to the benefit of a careless or possibly faithless insurance agency. Here, the employers paid $6,000 for immediate coverage but were denied that benefit owing to the negligence of the insurer's agent for accepting applications, i.e., the negligent brokerage. In my view, the employer should not bear the financial consequences of the insurer's agent's negligence. "When one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury *shall bear the loss*." (Emphasis supplied.) OCGA § 23-1-14.

Additionally, I would not apply the "avoidance of consequences" doctrine to these circumstances. Under that doctrine, plaintiffs, as the alleged victims of defendant's negligence, would be under a duty to exercise ordinary care to avoid the consequences of that negligence. *Burnsed v. City of Albany*, 184 Ga. App. 297, 300 (361 SE2d 275). " 'Closely allied to the doctrine of contributory negligence is the rule

of "avoidable consequences," which denies recovery for any damages which could have been avoided by reasonable conduct on the part of the plaintiff. Both rest upon the same fundamental policy of making recovery depend upon the plaintiff's proper care for the protection of his own interests, and both require of him only the standard of the reasonable man under the circumstances.' Prosser, [Law of Torts (4th ed.)], at 422; see Harper and James, [Law of Torts, Vol. 2, Ch. XXI], at 1231." *Osburn v. Pilgrim*, 246 Ga. 688, 695 (273 SE2d 118). In my view of the case sub judice, this argument confuses plaintiffs as the ostensibly insured employers with the injured employee. Defendant would attribute any default by the employee to the employer-plaintiffs to relieve itself of the consequences of its own negligence. An insurance broker who negligently fails to obtain coverage specified by an insured "could be found liable 'for any resulting loss. (Cit.)' *Wright Body Works v. Columbus Interstate Ins. Agency*, [233 Ga. 268, 270 (210 SE2d 801)]. This means that [plaintiffs] could recover for the resulting uninsured 'loss or damage to the limit of the agreed policy. (Cits.)' *Beiter v. Decatur Fed. S&L Assn.*, 222 Ga. 516, 518 (2) (150 SE2d 687) (1966)." *England v. Ga.-Fla. Co.*, 198 Ga. App. 704, 705 (2) (402 SE2d 783). I find no authority that would deny plaintiffs' recovery against their negligent insurance agent or brokerage because an employee of the insured employer failed to pursue a workers' compensation claim. To so deny recovery in the case sub judice would have the anomalous result of imposing a penalty upon an employer that did not contest a clear case of coverage under the Georgia Workers' Compensation Act but extended payments without the formality of a claim. It is the public policy of Georgia to encourage settlements between the employee and the employer, "so long as the amount of compensation and the time and manner of payment are in accordance with [OCGA § 34-9-1 et seq.]." OCGA § 34-9-15. In my opinion, the trial court erred in granting summary judgment to the defendant insurance agency on the ground that plaintiffs have sustained no compensable injury. As my colleagues in the majority would nevertheless affirm that unwarranted grant of summary judgment, I respectfully dissent.

DECIDED MARCH 15, 1996 — ▆▆▆▆▆▆▆▆▆▆▆

*Murphy, Murphy & Garner, Stephen E. Garner*, for appellants.
*Tisinger, Tisinger, Vance & Greer, Robert H. Sullivan*, for appellee.